UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. 4:26-cv-00131-JAR |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF COMMERCE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on a document filed by non-party Patrick Simmons (ECF No. 9) appearing to request leave to participate as *amicus curiae* in this action.

District courts possess "broad inherent authority to permit or deny an appearance as amicus curiae." *United Fire & Cas. Co. v. Titan Contrs. Serv.*, No. 4:10-CV-2076 CAS, 2012 U.S. Dist. LEXIS 104908, at *17 (E.D. Mo. July 27, 2012). While neither the Federal Rules of Civil Procedure nor this Court's Local Rules prescribe applicable standards, district courts routinely turn to Federal Rule of Appellate Procedure 29 (and comments) for applicable considerations. *See Tincher v. Noem*, No. 25-cv-4669 (KMM/DTS), 2026 U.S. Dist. LEXIS 13, at *3 (D. Minn. Jan. 2, 2026) (collecting cases). These considerations include the movant's stated interest, the relevance of the movant's arguments, and their utility to the court as key considerations.

The Court finds that Mr. Simmons has expressed no interest in this litigation beyond being "one of the People" (presumably a citizen of the United States) and has offered a series of largely unintelligible comments and legal maxims that serve no utility in this action.

Accordingly,

**IT IS HEREBY ORDERED** that Patrick Simmons' request for leave to participate as *amicus curiae* [ECF No. 9] is **DENIED**.

Dated this 3rd day of February 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE