**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00131-JAR |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF COMMERCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on review of the file.  The Court has received

Plaintiffs' request to appoint a three-judge panel (ECF No. 3) and is in the process of

examining the complaint.  The Court will proceed in accordance with the governing

statute, 28 U.S.C. § 2284, which delineates the specific cases in which the Court must

convene a three-judge panel.  As the Supreme Court has instructed, while there is no

judicial interpretation involved in cases that clearly fall under the statute, the Court must

first determine "whether the request for three judges is made in a case covered by §

2284" and "need not unthinkingly" undergo that analysis before proceeding.  *Shapiro v.*

*McManus*, 577 U.S. 39, 43-44 (2015); *see also, e.g. Neuman v. Iowa*, No. 16-CV-2054-

LRR, 2016 U.S. Dist. LEXIS 155975, at *10 (N.D. Iowa Nov. 10, 2016) (citing *Shapiro*

and noting that "[t]he statute explicitly grants the district court the power to review

whether a three-judge panel is warranted").

The Court notes that Defendants have not yet appeared or had the opportunity to

respond to the request.[1]  The Court intends to rule on the request for appointment of a three-judge panel after providing Defendants with an opportunity to respond to it by consenting to that request or submitting any additional briefing Defendants may deem helpful or necessary.

The Court also notes that a motion to intervene has now been filed by four Proposed Intervenors who wish to enter this action as a matter of right, or in the alternative, via permissive intervention (ECF No. 11).  The Court will provide Defendants the opportunity to respond to this motion as well before ruling on it.[2] Briefing from Defendants will be especially helpful in light of Proposed Intervenors' argument that their interests will not be adequately represented by Defendants, who have not yet entered this case or responded to the complaint with their position as to the allegations.

Accordingly,

**IT IS HEREBY ORDERED** that the Court will hold in abeyance Plaintiffs' request for appointment of a three-judge district court [ECF No. 3] and Proposed Intervenors' motion to intervene [ECF No. 11] until such time as Defendants appear and

---

[1] Plaintiffs have not yet filed any proof of service as to any of the Defendants, which would illuminate the deadline by which Defendants will be required to appear and respond to the complaint.  Fed. R. Civ. P. 4(l)(1) (proof of service must be made to the Court); Fed. R. Civ. P. 12(a)(1)-(2) (deadline for response to complaint set in relation to date of service).  Plaintiffs are reminded to effectuate service and file proof of service within the 90-day timeline provided by Fed. R. Civ. P. 4(m).

[2] In accordance with Local Rule 4.01(B), Plaintiffs will also have the opportunity to respond to the motion to intervene within fourteen days (i.e. by February 23, 2026).

respond to each.  The Court will impose a briefing schedule with respect to Defendants' responses by separate order once Defendants appear.

Dated this 12th Day of February, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE