**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STATE OF MISSOURI, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 4:26-cv-00131-JAR |
| UNITED STATES DEPARTMENT OF COMMERCE, *et al.*, | |
| *Defendants*. | |

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFFS' COMPLAINT**

Defendants respectfully move the Court for a 30-day extension of time to respond to Plaintiffs' Complaint, ECF No. 1, to May 6, 2026. Defendants have conferred with Plaintiffs, who state their position as follows: "Plaintiffs do not oppose the relief requested in this Motion, but believe that a 3-judge panel must be empaneled to ensure this Court has jurisdiction to grant the motion." Defendants then conferred with Proposed Intervenors the National Association for the Advancement of Colored People ("NAACP"), NAACP Missouri State Conference, Services, Immigrant Rights, and Education Network, Massachusetts Immigrant & Refugee Advocacy Coalition, H. Victoria Morgan, Gabe Reiss, Carrie Nicolas, Lucia Ornelas, and Veronica Zavala, who consent to this Motion. Defendants have also conferred with Proposed Intervenors OCA-Asian Pacific American Advocates, Make the Road New York, New York Immigration Coalition, and FIEL Houston, who do not oppose this Motion.

**MEMORANDUM OF LAW**

A district court possesses the inherent power to reasonably manage its own docket, consistent with relevant rules and statutes. *Dietz v. Bouldin*, 579 U.S. 40, 45–46 (2016). Federal

Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . before the original time or its extension expires . . . ."

Even if the Court determines that a three-judge panel is required in this matter, 28 U.S.C. § 2284(b)(3) permits a single judge to "conduct all proceedings . . . and enter all orders permitted by the rules of civil procedure" in a case requiring a three judge panel, except for certain orders that are not at issue here, *see id.* ("A single judge shall not appoint a master, or order a reference, or hear and determine any application for a preliminary or permanent injunction or motion to vacate such an injunction, or enter judgment on the merits."). Defendants' Motion for Extension of Time does not require a ruling on the merits, or any other ruling prohibited by the statute governing three-judge panels. *See id.* Therefore, Section 2284 allows this Court to grant Defendants' Motion before appointing a three-judge panel or determining the need for one.

Good cause exists for the requested extension. Pressing deadlines in other matters have required Defendants' counsel to prioritize filing two motions to dismiss and representing the United States at oral argument in the last two weeks. Some Proposed Intervenors consent to the requested extension, while Plaintiffs and the remaining Proposed Intervenors do not oppose. This is the first extension request for this deadline, and the requested extension would not prejudice any party.

For the foregoing reasons, Defendants respectfully request that the Court extend the deadline to respond to Plaintiffs' Complaint to May 6, 2026.

Dated: April 1, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER K. HAAS
Director

STEPHEN M. ELLIOTT
Assistant Branch Director

/s/ *Kevin K. Bell*
KEVIN K. BELL
967210(GA)
KATHRYN L. ALKIRE
1050146(FL)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 305-8613
E-mail: Kevin.K.Bell@usdoj.gov

*Counsel for Defendants*

3