**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| State of Missouri, David Mason, Andrea McCann, Jessica Fisher, and Phillip Fisher, | |
| *Plaintiffs,* | |
| v. | Case No. 4:26-cv-00131 |
| United States Department of Commerce, Howard W. Lutnick in his official capacity as Secretary of Commerce, United States Census Bureau, George Cook in his official capacity as Acting Director of the U.S. Census Bureau, | Three-Judge Panel Required Pursuant to 28 U.S.C. § 2284 |
| *Defendants.* | |

<u>**MOTION FOR APPOINTMENT OF THREE-JUDGE PANEL UNDER 28 U.S.C. § 2284**</u>

On January 30, 2026, Plaintiffs notified this Court that a three-judge district court must be convened under 28 U.S.C. § 2284.  Doc. 3.  About two weeks later, this Court issued an order stating that "the Court will hold in abeyance Plaintiffs' request for appointment of a three-judge district court" and "will impose a briefing schedule with respect to Defendants' response[] by separate order once Defendants appear." Doc. 18 at 2–3.  The Court emphasized that it "need not unthinkingly" refer this case for appointment, though it correctly acknowledged that "there is no judicial interpretation involved in cases that clearly fall under" § 2284.  *Id.* at 1.

Indeed, "all the district judge must 'determin[e]' is whether the 'request for three judges' is made in a case covered by § 2284(a)—no more, no less."  *Shapiro v. McManus*, 577 U.S. 39, 43 (2015) (quoting 28 U.S.C. § 2284).  And in any action

"'challenging the constitutionality of the apportionment of congressional districts,'" a "district judge [i]s *required* to refer the case to a three-judge court, for § 2284(a) admits of no exception." *Id.* (emphasis in original) (quoting 28 U.S.C. § 2284(a)). This action challenges "the constitutionality of the apportionment of congressional districts," *id.*; Doc. 1, and thus requires "immediate[]" appointment of a three-judge panel. 28 U.S.C. § 2284(b)(1).

Earlier today, Defendants appeared and filed a motion for an extension of time to answer Plaintiffs' complaint. Doc. 43. Plaintiffs do not oppose an extension on the merits. Nonetheless, this Court lacks jurisdiction to rule on any motion for extension until a three-judge court is appointed.

"Without jurisdiction the court cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). Also, "the three-judge requirement in 28 U.S.C. § 2284 is jurisdictional." *Kalson v. Paterson*, 542 F.3d 281, 287 (2d Cir. 2008); *Armour v. Ohio*, 925 F.2d 987, 989 (6th Cir. 1991) (en banc) (same). "The text of 28 U.S.C. § 2284 uses typically jurisdictional language" by "stat[ing] that a three-judge court 'shall' be convened, a word that generally connotes a rule that it is both mandatory and jurisdictional." *Kalson*, 542 F.3d at 287 (quoting 28 U.S.C. § 2284(a)). Furthermore, the Supreme Court held that a prior version of § 2284, using materially similar language, was a "jurisdictional statute" that "made it impermissible for a single judge to decide the merits of the case, either by granting or by withholding relief" through staying the case. *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 715 (1962) (rejecting a district judge's stay of an action without appointment

2

of a three-judge panel); *Svejkovsky v. Tamm*, 326 F.2d 657, 658 (D.C. Cir. 1963) ("If such a stay is deemed proper here, under § 2284 it should, in any event, be granted by the court of three judges, and not by the single judge who is required to initiate the three-judge proceedings.").

In their motion for extension of time, Defendants cite subsection (b)(3) and note that a single district judge "may" enter some orders without involvement of the three-judge panel.  Doc. 43 at 2; 28 U.S.C. § 2284(b)(3).  However, subsection (b)(3) merely gives the three-judge panel the *option* to delegate matters to a single district judge. It does not give the single district judge a *right* to enter orders on motions before appointment of the three-judge panel or over the objection of the panel.  Indeed, § 2284(a) and (b)(1) set, as the default rule: that the three "members of the court" shall "hear and determine the action or proceeding."  28 U.S.C. § 2284(a), (b)(1).  That is why § 2284(b)(1) requires the single district judge to "*immediately* notify the chief judge of the circuit" of the request for appointment of a three-judge panel.  28 U.S.C. § 2284(b)(1) (emphasis added).  That is also why, even if the panel chooses to delegate certain motions to a single judge, "[a]ny action of a single judge may be reviewed by the full court at any time before final judgment."  28 U.S.C. § 2284(b)(3).  The statute assumes that a three-judge panel is available at any time to review the single judge's order.

Plaintiffs therefore respectfully request that this Court "immediately notify" the Eighth Circuit's Chief Judge of the pendency of this action and of Plaintiffs' motion for a three-judge district court.  28 U.S.C. § 2284(b)(1).  Plaintiffs also

3

maintain that a three-judge court must be empaneled before this Court has jurisdiction to grant Defendants' motion for an extension of time or any other motion.

Dated: April 1, 2026

Respectfully submitted,

**CATHERINE L. HANAWAY**
MISSOURI ATTORNEY GENERAL

/s/ *Louis J. Capozzi III*
Louis J. Capozzi III, #77756(MO)
 *Solicitor General*
Kathleen Hunker, #24118415(TX)
 *Principal Deputy Solicitor General*
William J. Seidleck, #77794(MO)
 *Principal Deputy Solicitor General*
J. Michael Patton, #76490(MO)
 *Deputy Solicitor General*
Graham Miller, #77656(MO)
 *Deputy Solicitor General*

OFFICE OF THE ATTORNEY GENERAL
207 West High Street
Jefferson City, MO 65102
Phone: (573) 645-9662
Louis.Capozzi@ago.mo.gov
Kathleen.Hunker@ago.mo.gov
William.Seidleck@ago.mo.gov
Michael.Patton@ago.mo.gov
Graham.Miller@ago.mo.gov

*Counsel for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I certify that on April 1, 2026, the above was filed electronically through the

Court's electronic filing system to be serve electronically on counsel for the parties.

/s/ *Louis J. Capozzi III*