**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00131-JAR |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF COMMERCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on review of Plaintiffs' motion for appointment of a three-judge panel (ECF No. 44).  For the reasons set forth herein, the Court will deny Plaintiffs' motion for *immediate* appointment of a three-judge panel, though their request remains before the Court.

On January 30, 2026, Plaintiffs filed their complaint, in which they requested that the Court undertake procedures to initiate the appointment of a three-judge panel pursuant to 28 U.S.C. § 2284.  That same day, Plaintiffs separately filed a "Notice That This Action Requires Three-Judge Panel under 28 U.S.C. § 2284" (ECF No. 3), in which they reiterated that request. Ten days after this action was transferred to the undersigned, the Court entered an order (ECF No. 18) acknowledging Plaintiffs' request for appointment of a three-judge panel and notifying Plaintiffs that the Court would hold their request in abeyance until Defendants appeared and had an opportunity to respond to the request to ensure that the Court could make a fair and fully informed determination on the issue.  In doing so, the Court cited the well-reasoned guidance of the Supreme Court, which has explained that a three-judge panel does not automatically

1

materialize upon the requester's recitation of § 2284(a); rather, when invoked, the statute requires the district court to make a reasoned determination in the first instance as to whether the case at hand indeed falls under the provisions of § 2284(a). *Shapiro v. McManus*, 577 U.S. 39, 43-44 (2015). Section 2284(a) requires the appointment of a three-judge panel only in cases that fall under the statute, namely, those involving constitutional challenges to the apportionment of congressional districts or any statewide legislative body.

The Court is awaiting any response to the request for a three-judge panel before it completes the analysis required by the statute. Defendants appeared by counsel on April 1, 2026 to request an extension of time to respond to Plaintiffs' complaint. (ECF No. 43). Almost immediately, Plaintiffs filed the instant "Motion for Appointment of Three-Judge Panel under 28 U.S.C. § 2284" in which they state that while they do not oppose the requested extension of time, the Court lacks jurisdiction to grant it until a three-judge panel is appointed. Plaintiffs apparently take the position that their request for appointment of a three-judge panel is so obviously and unquestionably meritorious that it has rendered superfluous the instructions of the Supreme Court, and the statute itself, both of which counsel that a threshold analysis be undertaken to determine whether the statute applies before a three-judge panel is appointed.

While there is no doubt that Plaintiffs bring a constitutional challenge, a determination must be made as to whether the gravamen of the claims is a constitutional challenge to the apportionment of congressional districts. The Court does not reach a conclusion as to that question today (or herein imply that such a determination will be impossible without briefing from Defendants, should they choose to consent to the request) but notes that there exists authority at least warranting caution in this scenario. *See, e.g., Tyree v. Massachusetts*, No. C.A.06-10232-MLW, 2008 U.S. Dist. LEXIS 11615, at *14 (D. Mass. Feb. 17, 2008) (denying

request for three-judge panel as premature, noting that "the question of whether the plaintiff's complaint raises a non-frivolous challenge genuinely related to apportionment is a question best answered after the court gives careful attention to the plaintiff's numerous claims and exhibits when it evaluates the defendants' motion to dismiss the Second Amended Complaint. The court will, therefore, revisit at that time whether this case is governed by §2284 and, therefore, whether the requisite three-judge panel should be appointed."); *see also Alabama v. United States Dep't of Com.*, 493 F. Supp. 3d 1123, 1127-29 (N.D. Ala. 2020) (collecting cases) (questioning authority of cases in which "the courts summarily convened a three-judge panel without any opinion or analysis" and denying appointment of three-judge panel in a case where the constitutional challenge was to "the federal government's inclusion of illegal aliens in the population figures used to apportion congressional seats" and not the apportionment *itself* as required by the statute); and *Fed'n for Am. Immigration Reform v. Klutznick*, 486 F. Supp. 564, 577-78 (D.D.C. 1980) (explaining that § 2284 does not apply where the "challenge is to census practices which will produce data on which the apportionment of House of Representative members to states will be based, not to any state action reapportioning congressional districts.").

While Plaintiffs repeatedly urge the Court to "immediately" notify the Chief Judge of the Eighth Circuit that a three-judge panel must be appointed, the Court notes the remaining language in the same sentence of the statute, instructing the Court to withhold that "immediate[]" notice "[if] he determines that three judges are not required." § 2284(b)(1). The Court finds that this is not such an extraordinary case in which a decision is required immediately without even so much as an opportunity for full briefing. The Court will not unduly delay the decision but endeavors to make it after careful analysis.

Further, § 2284(b) makes clear that even in an action in which a three-judge panel is

required, a single judge may still enter all orders permitted by the Rules of Civil Procedure save for those specifically delineated in the statute.  28 USCS § 2284(b)(3).  If a three-judge panel is later appointed, it remains in their power to review any prior decision entered by a single judge. *Id*.  A routine extension of a responsive pleading deadline is not among the case-dispositive orders § 2284(b)(3) cautions against, and it is unlikely to cause Plaintiffs any prejudice given that they do not oppose the requested extension.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for appointment of a three-judge panel is **DENIED** at this time.  Plaintiffs' request for appointment of a three-judge panel remains before the Court, and the Court will make the requisite determination in due course and in accordance with the statute.

Dated this 3rd Day of April, 2026.

_____

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4