# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| State of Missouri, David Mason, Andrea McCann, Jessica Fisher, and Phillip Fisher, | |
| *Plaintiffs*, | |
| v. | |
| United States Department of Commerce, Howard W. Lutnick in his official capacity as Secretary of Commerce, United States Census Bureau, George Cook in his official capacity as Acting Director of the U.S. Census Bureau, | Case No. 4:26-cv-00131 |
| *Defendants*, | |
| and | |
| Labor Council for Latin American Advancement, Juan Vazquez, Joey Cardenas, and Alejandra Ramirez-Zarate, | |
| *Proposed Defendant-Intervenors.* | |

**[PROPOSED] ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CROSS-CLAIMS AGAINST DEFENDANTS, BY [PROPOSED] DEFENDANT-INTERVENORS' LCLAA, JUAN VAZQUEZ, JOEY CARDENAS, AND ALEJANDRA RAMIREZ-ZARATE**

1

Proposed Defendant-Intervenors Labor Council for Latin American Advancement ("LCLAA"), Alejandra Ramirez-Zarate, Joey Cardenas, and Juan Vazquez, answer the Complaint of Plaintiffs the State of Missouri, David Mason, Andrea McCann, Jessica Fisher, and Phillip Fisher (collectively "Plaintiffs") as follows:

**INTRODUCTION**

1. The allegations contained in Paragraph 1 of the Complaint state legal conclusions, to which no response is required.

2. The allegations contained in Paragraph 2 of the Complaint state legal conclusions, to which no response is required.

3. The allegations contained in Paragraph 3 of the Complaint state legal conclusions and constitute characterizations of Plaintiff's action and claims for relief, to which no response required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 3.

4. The allegations contained in Paragraph 4 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 4, except that the U.S. Census Bureau website speaks for itself.

5. The allegations contained in Paragraph 5 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 5, except that U.S. Const. amend XIV § 2 and U.S. Const. art. I, § 2, cl. 3 speak for themselves.

6. The allegations contained in Paragraph 6 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 6, except that: *Franklin v. Massachusetts*, 505 U.S. 788 (1992); *Wong Kim Ark. v. United States*, 169 U.S. 649 (1898); *Elkins v. Moreno*, 435 U.S. 647 (1978); *Toll v. Moreno*, 458 U.S. 1 (1982); *Castellon-Contreras v. I.N.S.*, 45 F.3d 149 (7th Cir. 1995); and U.S. Const. amend. XIV § 2 speak for themselves.

7. The allegations contained in Paragraph 7 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 7, except that Final 2020 Census Residence Criteria and Residence Situations, 83 Fed. Reg. 5525 (Feb. 8, 2018) speaks for itself.

8. The allegations contained in Paragraph 8 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 8, except as follows: *Kaplan v. Tod*, 267 U.S. 228 (1925); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020); and *Leng May Ma v. Barber*, 357 U.S. 185 (1958) speak for themselves.

9. The allegations contained in Paragraph 9 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 9, except as follows: *Elkins v. Moreno*, 435 U.S. 647 (1978); *Toll v. Moreno*, 458 U.S. 1 (1982); *Carlson v. Reed*, 249 F.3d 876 (9th Cir. 2001); and 8 U.S.C. § 1011(a)(15) speak for themselves.

10. The allegations contained in Paragraph 10 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 10, except as follows: *Wong Kim Ark. v. United*

3

*States*, 169 U.S. 649 (1898) and CONG. GLOBE, 39th Cong., 1st Sess. 2987 (1866) speak for themselves.

11. The allegations contained in Paragraph 11 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 11, except as follows: *Fed'n for Am. Immigr. Reform v. Klutznick*, 486 F. Supp. 564 (D.D.C. 1980); *Kleindienst v. Mandel*, 408 U.S. 753 (1972); *Kerry v. Din*, 576 U.S. 86 (2015); and Act of March 4, 1929, 45 Stat. 1551 speak for themselves.

12. The allegations contained in Paragraph 12 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 12, except that *Noem v. Vasquez Perdomo*, 146 S. Ct. 1 (2025) speaks for itself.

13. The allegations contained in Paragraph 13 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 13, except as follows: *Noem v. Vasquez Perdomo*, 146 S. Ct. 1 (2025); *Trump v. New York*, 592 U.S. 125 (2020); *City of San Jose v. Trump*, 497 F. Supp. 3d 680 (N.D. Cal. 2020); and *United States v. California*, 921 F.3d 865 (9th Cir. 2019) speak for themselves.

14. The allegations contained in Paragraph 14 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 14, except as follows: U.S. Const. art. VI; U.S. Const. amend. XIV, § 2; 8 U.S.C. § 1325; *Toll v. Moreno*, 458 U.S. 1(1982); and *Elkins v. Moreno*, 435 U.S. 647 (1978) speak for themselves.

15. The allegations contained in Paragraph 15 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 15.

16. The allegations contained in Paragraph 16 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 16, except that *Dep't of Com. v. U.S. House of Representatives*, 525 U.S. 316 (1999) speaks for itself.

17. The allegations contained in Paragraph 17 of the Complaint state legal conclusions and constitute characterizations of Plaintiff's action and claims for relief, to which no response is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 17, except admit that federal programs disburse money to states based on their Census population numbers, and that the U.S. Census Bureau website speaks for itself.

18. The allegations contained in Paragraph 18 of the Complaint state legal conclusions and constitute characterizations of Plaintiff's actions and claims for relief, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 18.

19. The allegations contained in Paragraph 19 of the Complaint state legal conclusions and constitute characterizations of Plaintiff's action and claims for relief, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 19, except as follows: *United States v. Verdugo-Urquidez*, 494 U.S. 259 (1990); *United States v. Sitladeen*, 64 F.4th 978 (8th Cir. 2023); and *U.S. ex rel. Turner v. Williams*, 194 U.S. 279 (1904) speak for themselves.

20. Defendant-Intervenors admit that Plaintiffs submit the Complaint to this Court.

## PARTIES

21. The allegations contained in Paragraph 21 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 21, except as follows: Defendant-Intervenors admit that the State of Missouri is a sovereign state in the United States. Defendant-Intervenors aver that the Fourteenth Amendment and Article II, Sections 3 and 7 of the Missouri Constitution speak for themselves.

22. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 22 of the Complaint.

23. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 23 of the Complaint.

24. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 24 of the Complaint.

25. Defendant-Intervenors admit the allegations stated in Paragraph 25 of the Complaint.

26. The allegations contained in Paragraph 26 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 26, except as follows: Defendant-Intervenors admit that the United States Department of Commerce is an agency within the executive branch of the United States Government tasked with planning, designing, and implementing the Census. Defendant-Intervenors aver that 13 U.S.C. §§ 4, 141(a); 13 U.S.C. § 141(b); and 2 U.S.C. § 2a(a) speak for themselves.

27. The allegations contained in Paragraph 27 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 27, except as follows: Defendant-Intervenors admit that Howard W. Lutnick is the Secretary of Commerce and aver that 13 U.S.C. § 141(b); 2 U.S.C. § 2a; *Utah v. Evans*, 536 U.S. 452, 459-64 (2002); and *Franklin v. Massachusetts*, 505 U.S. 788, 801-03 (1992) speak for themselves.

28. Defendant-Intervenors admit the allegations stated in Paragraph 28 of the Complaint.

29. Defendant-Intervenors admit the allegations stated in Paragraph 29 of the Complaint.

## JURISDICTION, VENUE AND THREE-JUDGE PANEL

30. The allegations contained in Paragraph 30 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 30, and specifically deny that this Court has subject matter jurisdiction over Plaintiffs' suit.

31. The allegations contained in Paragraph 31 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 31, and specifically deny that this Court has authorization to award declaratory and injunctive relief to Plaintiffs in this suit.

32. Defendant-Intervenors admit that venue is proper in this district.

33. The allegations contained in Paragraph 33 of the Complaint state legal conclusions and constitute characterizations of Plaintiff's action and claims for relief, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 33.

34. The allegations contained in Paragraph 34 of the Complaint state legal conclusions and constitute characterizations of Plaintiff's action and claims for relief, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 34.

35. The allegations contained in Paragraph 35 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 35, except that 28 U.S.C. § 2284(a) speaks for itself.

36. The allegations contained in Paragraph 36 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 36, except that Section 2284(b)(1) speaks for itself.

### FACTS COMMON TO ALL COUNTS

37. Preceding Paragraph 37 is a header to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in the header. The allegations contained in Paragraph 37 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 37, except that U.S. Const. amend. XIV, § 2 speaks for itself.

38. The allegations contained in Paragraph 38 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 38, except that U.S. Const. art. I, § 2 and U.S. Const. art. II, § 1 speak for themselves.

39. Defendant-Intervenors admit the allegations stated in Paragraph 39 of the Complaint.

40. Defendant-Intervenors admit the allegations stated in Paragraph 40 of the Complaint.

41. Defendant-Intervenors admit the allegations stated in Paragraph 41 of the Complaint.

42. Defendant-Intervenors admit the allegations stated in Paragraph 42 of the Complaint.

43. The allegations contained in Paragraph 43 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 43, except as follows: *Dep't of Com. v. U.S. House of Representatives*, 525 U.S. 316 (1999) and *Alabama v. U.S. Dep't of Commerce*, 396 F. Supp. 3d 1044 (N.D. Ala. 2019) speak for themselves.

44. The allegations contained in Paragraph 44 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 44, except as follows: *Dep't of Com. v. U.S. House of Representatives*, 525 U.S. 316 (1999) and *Baker v. Carr*, 369 U.S. 186 (1962) speak for themselves.

45. Preceding Paragraph 45 is a header to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in the header. The allegations contained in Paragraph 45 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 45, except that U.S. Const. amend. XIV, § 2 and *Franklin v. Massachusetts*, 505 U.S. 788 (1992) speak for themselves.

46. The allegations contained in Paragraph 46 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 46, except as follows: *Fed'n for Am. Immigr.*

9

*Reform v. Klutznick*, 486 F. Supp. 564 (D.D.C. 1980); *Kleindienst v. Mandel*, 408 U.S. 753 (1972); *Kerry v. Din*, 576 U.S. 86 (2015); and Act of March 4, 1929, 45 Stat. 1551 speak for themselves.

47. The allegations contained in Paragraph 47 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 47.

48. The allegations contained in Paragraph 48 of the Complaint state legal conclusions, to which no response is required.  However, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 48, except that Cong. Rsch. Serv., *Constitutionality of Excluding Aliens from the Census for Apportionment and Redistricting Purposes*, at 13 (April 2012) speaks for itself.

49. The allegations contained in Paragraph 49 of the Complaint state legal conclusions, to which no response is required.  However, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 49, except as follows: Dennis L. Murphy, *The Exclusion of Illegal Aliens from the Reapportionment Base: A Question of Representation*, 41 Case W. Res. L. Rev. 969 (1991); *1990 Census Procedures and Demographic Impact on the State of Michigan: Hearing Before the House Comm. On Post Office and Civil Service*, 100th Cong., 2nd Sess. 52-54 (1988); and *1980 Census: Counting Illegal Aliens: Hearing on S. 2366 Before the Subcomm. on Energy, Nuclear Proliferation and Federal Services of the Senate Comm. on Governmental Affairs*, 96th Cong. 62-63 (1980) speak for themselves.

50. Defendant-Intervenors aver that they are without sufficient information and knowledge to form a belief as to the allegations contained in Paragraph 50 of the Complaint; moreover, the allegations contained in Paragraph 50 of the Complaint state legal conclusions, to which no

response is required.  However, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 50, except as follows: Dennis L. Murphy, *The Exclusion of Illegal Aliens from the Reapportionment Base: A Question of Representation*, 41 Case W. Res. L. Rev. 969 (1991) and the *Hearing on Enumeration of Undocumented Aliens in the Decennial Census Before the Subcomm. on Energy, Nuclear Proliferation, and Government Processes of the Senate Comm. on Government Affairs*, 99th Cong. 13 (1985) speak for themselves.

51. The allegations contained in Paragraph 51 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 51, except that *Fed'n for Am. Immigr. Reform v. Klutznick*, 486 F. Supp. 564 (D.D.C. 1980) speaks for itself.

52.  The allegations contained in Paragraph 52 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 52, except as follows: Testimony of Director Keane and Charles Wood, *Losing Control of America's Future*, 22 Harv. J.L. & Pub. Pol'y 465 (1999) speak for themselves.

53.  The allegations contained in Paragraph 53 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 53, except that 135 Cong. Rec. S22518-S22527 (Sept. 29, 1989) speaks for itself.

54. The allegations contained in Paragraph 54 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors

deny each and every allegation in Paragraph 54, except that 135 Cong. Rec. S22523 (Sept. 29, 1989) speaks for itself.

55. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 55 of the Complaint; moreover, the allegations contained in Paragraph 55 of the Complaint state legal conclusions, to which no response is required.  However, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 55.

56. Defendant-Intervenors admit the allegations contained in Paragraph 56 of the Complaint; the U.S. Census Bureau's website speaks for itself.

57. The allegations contained in Paragraph 57 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 57.

58. Defendant-Intervenors admit the allegations contained in Paragraph 58 except for the term "illegal aliens," which has no ascertainable meaning; the 2020 Residence Criteria speaks for itself.

59. The allegations contained in Paragraph 59 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 59, except that *Dep't of Com. v. New York*, 588 U.S. 752 (2019) speaks for itself.

60. The allegations contained in Paragraph 60 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 60.

61. Defendant-Intervenors admit the allegations stated in Paragraph 61 of the Complaint except for the term "illegal aliens," which has no ascertainable meaning; the Presidential Memorandum, Excluding Illegal Aliens From the Apportionment Base Following the 2020 Census, 85 Fed. Reg. 44679 (July 21, 2020) speaks for itself.

62. The allegations contained in Paragraph 62 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 62, except that the referenced cases speak for themselves.

63. The allegations contained in Paragraph 63 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 63.

64. The allegations contained in Paragraph 64 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 64.  Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the apportionment illustrated in the referenced map.

65. The allegations contained in Paragraph 65 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 65.

66. The allegations contained in Paragraph 66 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 66, except that *Franklin v. Massachusetts*, 505 U.S. 788 (1992) and *Utah v. Evans*, 536 U.S. 452 (2002) speak for themselves.

67. The allegations contained in Paragraph 67 of the Complaint state legal conclusions, to which no response is required.  However, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 67, except that *Dep't of Com. v. U.S. House of Representatives*, 525 U.S. 316 (1999) speaks for itself.

68. The allegations contained in Paragraph 68 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 68, except that the U.S. Census Bureau's website speaks for itself.

69. The allegations contained in Paragraph 69 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 69 except that the U.S. Censues Bureau's website speaks for itself.

70. The allegations contained in Paragraph 70 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 70.  Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations based on Missouri's two retained experts.

71. The allegations contained in Paragraph 71 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 71.

72. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 72 of the Complaint.

73. The allegations contained in Paragraph 73 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 73.

74. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 74 of the Complaint; moreover, the allegations state legal conclusions, to which no response is required.  However, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 74 of the Complaint, except that *Noem v. Vasquez Perdomo*, 146 S. Ct. 1 (2025) speaks for itself.

75. The allegations contained in Paragraph 75 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 75, except as follows: *Dep't of Com. v. U.S. House of Representatives*, 525 U.S. 316 (1999); *Alabama v. U.S. Dep't of Commerce*, 396 F. Supp. 3d 1044 (N.D. Ala. 2019); and *Utah v. Evans*, 536 U.S. 452 (2002) speak for themselves.

76. Preceding Paragraph 76 is a header to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in the header. The allegations contained in Paragraph 76 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 76.

77. Defendant-Intervenors admit that the United States Congress, the Missouri House of Representatives, and the Missouri Senate have a fixed number of seats; Mo. Const., art. III, § 3(a) and Mo. Const., art. III, § 5 speak for themselves.

78. Defendant-Intervenors admit the allegations in Paragraph 78 of the Complaint and note that *Kirkpatrick v. Preisler*, 394 U.S. 526, 530–31 (1969) speaks for itself.

79. The allegations contained in Paragraph 79 of the Complaint state legal conclusions, to which no response is required. However, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 79.

80. The allegations contained in Paragraph 80 of the Complaint state legal conclusions, to which no response is required. However, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 80.

81. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 81.

82. The allegations contained in Paragraph 82 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 82.

83. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 83, except that the Ramos Study and State House Map speak for themselves.

84. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 84, except that the Ramos Study and State House Map speak for themselves.

85. The allegations contained in Paragraph 85 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 85, except as follows: *Kirkpatrick v. Preisler*, 394 U.S. 526 (1969); Mo. Const. art. III, § 3(b); and *Dep't of Com. v. U.S. House of Representatives*, 525 U.S. 316 (1999) speak for themselves.

86. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 86; moreover, the allegations in Paragraph 86 state legal conclusions to which no response is required.  However, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 86.

87. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 87; moreover, the allegations in Paragraph 86 state legal conclusions to which no response is required.  However, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 87.

88. The allegations in Paragraph 88 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 88, except that *Dep't of Com. v. U.S. House of Representatives*, 525 U.S. 316 (1999) speaks for itself.

89. The allegations in Paragraph 89 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 89, except as follows: Mo. Const. Art.III, §§ 3(b)(1), 7(c); *Kirkpatrick v. Preisler*, 394 U.S. 526 (1969); and *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020) speak for themselves.

90. The allegations in Paragraph 90 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 90, except as follows: Mo. Const. Art.III, §§ 3(b)(1), 7(c); *Kirkpatrick v. Preisler*, 394 U.S. 526 (1969); *Nat'l Urb. League v. Ross*, 508 F. Supp. 3d 663 (N.D. Cal. 2020); and *Fed. Election Comm'n v. Akins*, 524 U.S. 11 (1998) speak for themselves.

91. Preceding Paragraph 91 is a header to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in the header. The allegations in Paragraph 91 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 91, except that *Dep't of Com. v. New York*, 588 U.S. 752 (2019) and *Wisconsin v. City of New York*, 517 U.S. 1 (1996) speak for themselves.

92. Defendant-Intervenors admit the allegations stated in Paragraph 92 of the Complaint.

93. The allegations in Paragraph 93 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 93, except that 23 U.S.C. § 402 and the Hassinger Declaration speak for themselves.

94. The allegations in Paragraph 94 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 94, except that 23 U.S.C. § 402 speaks for itself.

95. The allegations in Paragraph 95 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 95, except that 23 U.S.C. § 402 speaks for itself.

96. The allegations in Paragraph 96 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 96, except as follows: 34 U.S.C. § 11132(a)(1); 7 U.S.C. § 2663(b)(4); and 49 U.S.C. § 5311(c)(4)(B)(iii) speak for themselves.

97. The allegations in Paragraph 97 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 97.

98. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations regarding alleged population counts; moreover, the allegations in Paragraph 98 state legal conclusions to which no response is required. However, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 98.

99. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations regarding alleged population counts; moreover, the allegations in Paragraph 99 state legal conclusions to which no response is required. However, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 99.

100. The allegations in Paragraph 100 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 100, except that *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021) speaks for itself.

101. The allegations in Paragraph 101 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 101.

102. Defendant-Intervenors admit the allegations stated in Paragraph 102 of the Complaint.

103. Defendant-Intervenors admit the allegations stated in Paragraph 103 of the Complaint.

104. The allegations in Paragraph 104 state legal conclusions to which no response is required. However, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 104.

19

105.    Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 105 of the Complaint; moreover, the allegations in Paragraph 105 state legal conclusions to which no response is required. However, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 105.

106.    Preceding Paragraph 106 is a header to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in the header.  The allegations in Paragraph 106 state legal conclusions to which no response is required.  However, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 106, except as follows: U.S. Const. amend. XIV, § 2; *Elkins v. Moreno*, 435 U.S. 647 (1978); *Toll v. Moreno*, 458 U.S. 1 (1982); and *Carlson v. Reed*, 249 F.3d 876 (9th Cir. 2001) speak for themselves.

107.    Preceding Paragraph 107 is a header to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in the header.  Defendant-Intervenors admit the allegations contained in Paragraph 107, except that U.S. Const. art. I, § 2 speaks for itself.

108.    Defendant-Intervenors admit the allegations contained in Paragraph 108, except that U.S. Const. art. I, § 2, U.S. Const. amend. XIV, § 2, and *Stokeling v. United States*, 586 U.S. 73 (2019) speak for themselves.

109.    The allegations in Paragraph 109 state legal conclusions to which no response is required. However, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 109.

110.   The allegations in Paragraph 110 state legal conclusions to which no response is required. However, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 110.

111.   The allegations in Paragraph 111 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 111.

112.   The allegations in Paragraph 112 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 112.

113.    The allegations in Paragraph 113 state legal conclusions to which no response is required. However, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 113.

114.   The allegations in Paragraph 114 state legal conclusions to which no response is required. However, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 114, except that the *Records of the Federal Convention of 1787* speak for themselves.

115.   The allegations in Paragraph 115 state legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 115, except that the Federalist Papers 54, 56, and 58 speak for themselves.

116.   The allegations in Paragraph 116 state legal conclusions to which no response is required. However, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 116, except that *An Act providing for the enumeration of the Inhabitants of the United States* speaks for itself.

117.   Defendant-Intervenors admit the allegations contained in Paragraph 117; the referenced acts speak for themselves.

118.   The allegations contained in Paragraph 118 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 118, except as follows: the Letter from John Adams to the President of Congress; *The Law of Nations*; and *Bas v. Steele*, 2 F. Cas. 988 (C.C.D. Pa. 1818) speak for themselves.

119.   The allegations contained in Paragraph 119 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 119, except that *Hardy v. De Leon*, 5 Tex. 211 (1849); *Commentaries on the Conflict of Laws*, § 41 (1834), and *Wong Kim Ark. v. United States*, 169 U.S. 649 (1898) speak for themselves.

120.   The allegations contained in Paragraph 120 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 120, except as follows: *Lok v. INS*, 681 F.2d 107 (2d Cir. 1982); *Wong Kim Ark. v. United States*, 169 U.S. 649 (1898); 4 *The Digest of Justinian* 906a (Theodor Mommsen et al., eds. 1985) (Dig. 50.1.31); 1 Emmerich de Vattel, *The Law of Nations* c 213, at 101 (J. Chitty ed. 1844) (1758); and *Commentaries on the Conflict of Laws*, § 41 (1834) speak for themselves.

121.   The allegations in Paragraph 121 state legal conclusions to which no response is required. However, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 121.

122. The allegations in Paragraph 122 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 122, except that U.S. Const. amend. XIV, § 2 and U.S. Const. art. I, § 2 speak for themselves.

123. The allegations in Paragraph 123 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 123, except that U.S. Const. amend. XIV, § 2 and Webster's Dictionary speak for themselves.

124. The allegations in Paragraph 124 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 124, except that *Federalist* 54 and U.S. Const. art. I, § 2 speak for themselves.

125. The allegations in Paragraph 125 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 125, except that U.S. Const. art. I, § 2, CL. 3 and *Federalist* 54 speak for themselves.

126. The allegations in Paragraph 126 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 126.

127. The allegations in Paragraph 127 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 127, except that *Franklin v. Massachusetts*, 505 U.S. 788 (1992) and

*Fed'n for Am. Immigr. Reform v. Klutznick*, 486 F. Supp. 564 (D.D.C. 1980) speak for themselves.

128. Defendant-Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 128 of the Complaint.

129. Defendant-Intervenors admit the allegations in Paragraph 129 of the Complaint.

130. The allegations in Paragraph 130 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 130, except that U.S. Const. amend. XIV, § 2 speaks for itself.

131. Preceding Paragraph 131 is a header to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in the header. The allegations in Paragraph 131 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 131.

132. The allegations in Paragraph 132 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 132.

133. The allegations in Paragraph 133 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 133, except that *Elkins v. Moreno*, 435 U.S. 647 (1978) and *Toll v. Moreno*, 458 U.S. 1 (1982) speak for themselves.

134. The allegations in Paragraph 134 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 134, except as follows: *Castellon-Contreras v. I.N.S.*, 45 F.3d 149 (7th

24

Cir. 1995); *Carlson v. Reed*, 249 F.3d 876 (9th Cir. 2001); *Melian v. INS*, 987 F.2d 1521 (11th Cir. 1993); *Lok v. INS*, 681 F.2d 107 (2d Cir. 1982); and *U.S. ex rel. Turner v. Williams*, 194 U.S. 279 (1904) speak for themselves.

135.    The allegations in Paragraph 135 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 135, except as follows: *Kaplan v. Tod*, 267 U.S. 228, 231 (1925); *Leng May Ma v. Barber*, 357 U.S. 185 (1958); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020); and *Castellon-Contreras v. I.N.S.*, 45 F.3d 149 (7th Cir. 1995) speak for themselves.

136.    Preceding Paragraph 136 is a header to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in the header.  The allegations in Paragraph 136 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 136.

137.    The allegations in Paragraph 137 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 137.

138.    The allegations in Paragraph 138 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 138, except that U.S. Const. amend. XIV, § 2 speaks for itself.

139.    The allegations in Paragraph 139 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every

allegation in Paragraph 139, except that U.S. Const. amend. XIV, § 2 and 135 Cong. Rec. S22523 (Sept. 29, 1989) speak for themselves.

140.     The allegations in Paragraph 140 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 140, except that U.S. Const. amend. XIV, § 2, *Assorted Canards of Contemporary Legal Analysis: Redux*, 70 Case W. Res. L. Rev. 855 (2020), *What Is Textualism?*, 91 Va. L. Rev. 347 (2005), and *United States v. Rahimi*, 602 U.S. 680 (2024) speak for themselves.

141.     The allegations in Paragraph 141 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 141, except that U.S. Const. amend. XIV, § 2 and CONG. GLOBE, 39th Cong., 1st Sess. 3027 (1866) speak for themselves.

142.     The allegations in Paragraph 142 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 142, except that U.S. Const. amend. XIV, § 2 and CONG. GLOBE, 39th Cong., 1st Sess. 3035 (1866) speak for themselves.

143.     The allegations in Paragraph 143 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 143, except that U.S. Const. amend. XIV, § 2 and CONG. GLOBE, 39th Cong., 1st Sess. 3035 (1866) speak for themselves.

144.     The allegations in Paragraph 144 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 144, except that U.S. Const. amend. XIV, § 2, *Calder v. Bull*, 3 U.S.

386 (1798), DECLARATION OF INDEPENDENCE (July 4, 1776), and 10 Op. Att'y. Gen. 382 (1862) speak for themselves.

145. The allegations in Paragraph 145 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 145.

146. Preceding Paragraph 146 is a header to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in the header. The allegations in Paragraph 146 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 146, except that Executive Order 13986, Ensuring a Lawful and Accurate Enumeration and Apportionment Pursuant to the Decennial Census, 86 Fed. Reg. 7015 (Jan. 20, 2021) speaks for itself.

147. The allegations in Paragraph 147 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 147, except that 2 U.S.C. § 2a(a) and U.S. Const. amend. XIV, § 2 speak for themselves.

148. The allegations in Paragraph 148 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 148, except that 2 U.S.C. § 2a(a) speaks for itself.

149. The allegations in Paragraph 149 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 149.

27

150. The allegations in Paragraph 150 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 150, except that 13 U.S.C. § 141 speaks for itself.

151. The allegations in Paragraph 151 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 151.

152. Preceding Paragraph 152 is a header to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in the header.  The allegations in Paragraph 152 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 152.

153. The allegations in Paragraph 153 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 153, except that *Calder v. Bull*, 3 U.S. 386 (1798) and *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020) speak for themselves.

154. The allegations in Paragraph 154 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 154, except that 26 C.F.R. § 1.1-1 and 8 U.S.C. § 1101(a)(15) speak for themselves.

155. The allegations in Paragraph 155 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 155.

156. The allegations in Paragraph 156 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 156, except that *United States v. Escobar-Temal*, 161 F.4th 969 (6th Cir. 2025) speaks for itself.

157. The allegations in Paragraph 157 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 157, except as follows: *United States v. California*, 921 F.3d 865 (9th Cir. 2019); *McHenry Cnty. v. Kwame Raou*l, 44 F.4th 581 (7th Cir. 2022); and *Trump v. New York*, 592 U.S. 125 (2020) speak for themselves.

158. The allegations in Paragraph 158 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 158.

159. The allegations in Paragraph 159 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 159.

160. Preceding Paragraph 160 is a header to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in the header. The allegations in Paragraph 160 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 160, except that the Administrative Procedure Act speaks for itself.

161.    The allegations in Paragraph 161 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 161.

162.    The allegations in Paragraph 162 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 162, except that 83 Fed. Reg. 5525 (Feb. 8, 2018) speaks for itself.

163.    The allegations in Paragraph 163 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 163, except that the U.S. Census Bureau website speaks for itself.

164.    The allegations in Paragraph 164 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 164, except that the U.S. Census Bureau website speaks for itself.

165.    The allegations in Paragraph 165 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 165, except that 5 U.S.C. § 706 speaks for itself.

166.    Preceding Paragraph 166 is a header to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in the header.  The allegations in Paragraph 166 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 166.

167.    The allegations in Paragraph 167 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 167.

30

168.    The allegations in Paragraph 168 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 168, except that *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29 (1983) speaks for itself.

169.    The allegations in Paragraph 169 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 169, except that 83 Fed. Reg. 5525 (Feb. 8, 2018) speaks for itself.

170.    The allegations in Paragraph 170 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 170.

171.    The allegations in Paragraph 171 state legal conclusions to which no response is required; however, to the extent a response is required, Defendant-Intervenors deny each and every allegation in Paragraph 171.

**CAUSES OF ACTION**

**COUNT 1**
**2020 Census Violation of Section 2 of the Fourteenth Amendment**
**(Congressional Apportionment)**

172.    Answering Paragraph 172 of the Complaint, Defendant-Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-171 of the Complaint, as though fully set forth here.

173.    Defendant-Intervenors admit the allegations stated in Paragraph 173 of the Complaint.

174.    The allegations contained in Paragraph 174 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-

Intervenors deny each and every allegation in Paragraph 174, except that U.S. Const. amend. XIV, § 2 speaks for itself.

175.    The allegations contained in Paragraph 175 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 175.

176.    The allegations contained in Paragraph 176 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 176.

**COUNT 2**
**2021 Apportionment Violation of Section 2 of the Fourteenth Amendment**
**(Congressional Apportionment)**

177.    Answering Paragraph 177 of the Complaint, Defendant-Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-176 of the Complaint, as though fully set forth here.

178.    Defendant-Intervenors admit the allegations stated in Paragraph 178 of the Complaint.

179.    The allegations contained in Paragraph 179 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 179, except that U.S. Const. amend. XIV, § 2 speaks for itself.

180.    The allegations contained in Paragraph 180 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 180.

181.    The allegations contained in Paragraph 181 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 181.

## COUNT 3
### 2020 Census Violation of Section 2 of the Fourteenth Amendment and Article II, § 1
### (Electoral College Apportionment)

182.    Answering Paragraph 182 of the Complaint, Defendant-Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-181 of the Complaint, as though fully set forth here.

183.    Defendant-Intervenors admit the allegations stated in Paragraph 183 of the Complaint.

184.    The allegations contained in Paragraph 184 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 184.

185.    The allegations contained in Paragraph 185 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 185.

186.    The allegations contained in Paragraph 186 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 186.

## COUNT 4
### 2021 Apportionment Violation of Section 2 of the Fourteenth Amendment
### and Article II, § 1
### (Electoral College Apportionment)

187. Answering Paragraph 187 of the Complaint, Defendant-Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-186 of the Complaint, as though fully set forth here.

188. Defendant-Intervenors admit the allegations stated in Paragraph 188 of the Complaint.

189. The allegations contained in Paragraph 189 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 189.

190. The allegations contained in Paragraph 190 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 190.

191. The allegations contained in Paragraph 191 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 191.

## COUNT 5
## 2020 Census Violation of the APA (Contrary to Law)

192. Answering Paragraph 192 of the Complaint, Defendant-Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-191 of the Complaint, as though fully set forth here.

193. The allegations contained in Paragraph 193 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 193, except that 5 U.S.C. § 706(2)(A) speaks for itself.

34

194. The allegations contained in Paragraph 194 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 194.

195. The allegations contained in Paragraph 195 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 195.

196. The allegations contained in Paragraph 196 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 196.

197. The allegations contained in Paragraph 197 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 197, except that 5 U.S.C. §§ 706(1), (2)(B), (2)(C) speak for themselves.

**COUNT 6 (Pled in the Alternative to Count 5)**
**2020 Census Violation of the APA**
**(Arbitrary, Capricious, and an Abuse of Discretion)**

198. Answering Paragraph 198 of the Complaint, Defendant-Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-197 of the Complaint, as though fully set forth here.

199. The allegations contained in Paragraph 199 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 199, except that 5 U.S.C. § 706(2)(A) speaks for itself.

35

200.   The allegations contained in Paragraph 200 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 200.

201.   The allegations contained in Paragraph 201 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 201.

## COUNT 7
### 2030 Census Violation of Section 2 of the Fourteenth Amendment
### (Congressional Apportionment)

202.   Answering Paragraph 202 of the Complaint, Defendant-Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-201 of the Complaint, as though fully set forth here.

203.   Defendant-Intervenors admit the allegations stated in Paragraph 203 of the Complaint.

204.   The allegations contained in Paragraph 204 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 204, except that U.S. Const. amend. XIV, § 2 speaks for itself.

205.   The allegations contained in Paragraph 205 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 205.

206.   The allegations contained in Paragraph 206 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 206.

## COUNT 8
### 2031 Apportionment Violation of Section 2 of the Fourteenth Amendment

**(Congressional Apportionment)**

207.   Answering Paragraph 207 of the Complaint, Defendant-Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-206 of the Complaint, as though fully set forth here.

208.   Defendant-Intervenors admit the allegations stated in Paragraph 208 of the Complaint.

209.   The allegations contained in Paragraph 209 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 209, except that U.S. Const. amend. XIV, § 2 speaks for itself.

210.   The allegations contained in Paragraph 210 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 210.

211.   The allegations contained in Paragraph 211 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 211.

**COUNT 9**
**2030 Census Violation of Section 2 of the Fourteenth Amendment and Article II, § 1**
**(Electoral College Apportionment)**

212.   Answering Paragraph 212 of the Complaint, Defendant-Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-211 of the Complaint, as though fully set forth here.

213.   Defendant-Intervenors admit the allegations stated in Paragraph 213 of the Complaint.

214.   The allegations contained in Paragraph 214 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 214.

215.   The allegations contained in Paragraph 215 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 215.

216.   The allegations contained in Paragraph 216 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 216.

**COUNT 10**
**2031 Apportionment Violation of Section 2 of the Fourteenth Amendment**
**and Article II, § 1 (Electoral College Apportionment)**

217.   Answering Paragraph 217 of the Complaint, Defendant-Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-216 of the Complaint, as though fully set forth here.

218.   Defendant-Intervenors admit the allegations stated in Paragraph 218 of the Complaint.

219.   The allegations contained in Paragraph 219 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 219.

220.   The allegations contained in Paragraph 220 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 220.

221. The allegations contained in Paragraph 221 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 221.

## COUNT 11
### 2030 Census Violation of the APA (Contrary to Law)

222. Answering Paragraph 222 of the Complaint, Defendant-Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-221 of the Complaint, as though fully set forth here.

223. The allegations contained in Paragraph 223 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 223, except that 5 U.S.C. § 706(2)(A) speaks for itself.

224. The allegations contained in Paragraph 224 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 224.

225. The allegations contained in Paragraph 225 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 225.

226. The allegations contained in Paragraph 226 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 226.

227. The allegations contained in Paragraph 227 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-

Intervenors deny each and every allegation in Paragraph 227, except that 5 U.S.C. §§ 706(2)(B), (2)(C) speak for themselves.

**COUNT 12 (Pled in the Alternative to Count 11)**
**2030 Census Violation of the APA**
**(Arbitrary, Capricious, and an Abuse of Discretion)**

228.    Answering Paragraph 228 of the Complaint, Defendant-Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-227 of the Complaint, as though fully set forth here.

229.    The allegations contained in Paragraph 229 of the Complaint state legal conclusions, to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 229, except that 5 U.S.C. § 706(2)(A) speaks for itself.

230.    The allegations contained in Paragraph 230 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 230.

231.    The allegations contained in Paragraph 231 of the Complaint state legal conclusions to which no response is required; however, to the extent a response is necessary, Defendant-Intervenors deny each and every allegation in Paragraph 231.

**PRAYER FOR RELIEF**

To the extent that any response is required to Plaintiffs' separate Prayer for Relief, Defendant-Intervenors deny each and every allegation contained in the Prayer for Relief, and further deny that the Plaintiffs are entitled to declaratory relief, injunctive relief, or any other form of relief whatsoever.

**AFFIRMATIVE DEFENSES**

As and for their affirmative defenses to all causes of action purported to be set forth by Plaintiffs in the Complaint, Defendant-Intervenors allege as follows, subject to Defendant-Intervenor's right to amend and assert such other affirmative defenses as may become available during discovery in this action:

### FIRST AFFIRMATIVE DEFENSE: MOOTNESS

Plaintiffs' claims, as set forth in the Complaint, are moot regarding the 2020 Census and the 2020 Residence Criteria.

### SECOND AFFIRMATIVE DEFENSE: RIPENESS

Plaintiff's claims, as set forth in the Complaint, are not yet ripe with respect to the 2030 Census, the not-yet-issued Residence Criteria for the 2030 Census, and any planning for and implementation of any subsequent Census.

### THIRD AFFIRMATIVE DEFENSE:  LACHES

Some or all of Plaintiffs' claims, as set forth in the Complaint, are barred under the doctrine of laches.

**WHEREFORE**, Defendant-Intervenors respectfully request as follows:

1. That Plaintiffs' Complaint and its causes of action be dismissed with prejudice;

2. That Plaintiffs take nothing by way of the Complaint;

3. That Defendant-Intervenors be awarded costs of the suit and attorneys' fees; and

4. That the Court order such other and further relief for Defendant-Intervenors as the Court may deem appropriate.

## CROSS-CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. Defendant-Intervenors bring cross-claims against the U.S. Department of Commerce, the U.S. Secretary of Commerce, the U.S. Census Bureau, and the Director of the U.S. Census in order to guarantee the bedrock principles embodied in the Fourteenth Amendment and the U.S. Constitution to recognize and count every individual living in the U.S. as a "whole" person, specifically for the purpose of congressional apportionment and the division of Electoral College Votes.

2. The ratification of the Fourteenth Amendment to the U.S. Constitution reversed the Constitution's original and abhorrent construct of partial personhood and declared a new mandate in the Census Clause to count "the whole number of persons in each state" in the Census total population count – a core requirement for almost 160 years.

3. Despite these bedrock principles, on January 30, 2026, the State of Missouri, David Mason, Andrea McCann, Jessica Fisher, and Phillip Fisher, sued the U.S Department of Commerce; Secretary of the U.S. Department of Commerce Howard W. Lutnick, in his official capacity; the U.S. Census Bureau; and George Cook, acting director of the U.S. Census Bureau, in his official capacity, in order to upend the U.S. Constitution and violate the rights of persons of color.

4. Defendant-Intervenors bring these cross-claims to prevent the imminent harm they would experience from any change to exclude non-U.S. citizens from the total population count used for congressional apportionment and the allocation of Electoral College votes.

## JURISDICTION AND VENUE

42

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1346 over Defendant-Intervenors' causes of action under the United States Constitution and federal statutes.  This Court may grant Defendant-Intervenors' request for declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

6.      Venue is proper in this district.  28 U.S.C. §1391(e)(1).

## PARTIES

*Defendant-Intervenors/Plaintiffs*

7.      Defendant-Intervenor LCLAA is a nonpartisan, nonprofit civil rights organization based in Washington, D.C., with over 1,000 dues paying members nationwide.  LCLAA has approximately 550 members in California, more than 150 members in Texas, and more than 80 members in Illinois.

8.      Defendant-Intervenor Juan Vazquez is a resident of Illinois and a registered voter.

9.      Defendant-Intervenor Joey Cardenas is a resident of Texas and a registered voter.

10.     Defendant-Intervenor Alejandra Ramirez-Zarate is a resident of California and a registered voter.

*Defendants/Defendants*

11.     Defendant Howard Lutnick is the Secretary of the U.S. Department of Commerce. The Secretary of Commerce carries out functions and duties imposed on him by the Census Act, issues rules and regulations to fulfill his responsibilities, and delegates functions and duties as necessary and allowed under law.  The Secretary of Commerce must also deliver the tabulation of the population of each state to the President, who, in turn, is required to transmit to Congress the total population of each state and the number of congressional seats to which each state is entitled. Defendant Lutnick is sued in his official capacity.

43

12. Defendant George Cook is the U.S. Census Bureau's acting director.  In that role, Defendant Cook directs the Census Bureau and performs Census-related duties assigned by law, regulation, or the Secretary of Commerce. 13 U.S.C. § 21. The Director of the U.S. Census Bureau oversees the decennial Census operations and is responsible for ensuring conducting the decennial Census count of all persons living in the United States. Cook is sued in his official capacity.

13. Defendant U.S. Department of Commerce is an agency of the U.S. government which oversees the U.S. Census Bureau and its conduct of the decennial Census and other Census programs.

14. Defendant U.S. Census Bureau is an agency within the U.S. Department of Commerce. 13 U.S.C. § 2. The Census Bureau is responsible for conducting all Census programs, including the development and implementation of the decennial Census.

## FACTUAL ALLEGATIONS

15. The U.S. Constitution requires an "actual Enumeration" of the U.S. population every ten years. U.S. Const. art. 1 § 2, cl. 3.

16. The Fourteenth Amendment of the U.S. Constitution mandates that the U.S. House of Representatives "be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State." U.S. Const. amend. XIV. § 2.

17. The decennial Census enumeration is also used to allocate Electoral College electors to each state. U.S. Const. art. 2, § 1, cl. 2.

18. The Constitution vests Congress with the authority to conduct the Census.  Pursuant to this authority, Congress delegated the duty of conducting the decennial Census to the Secretary of Commerce, subject to the provisions of the Census Act of 1976, 13 U.S.C. §§ 5, 141, et seq. (the "Census Act"), and other applicable federal statutes and regulations.

19.     Under federal law, the Secretary of Commerce must take a decennial Census of the United States population on April 1st of the Census year, and based on that Census, must then deliver the "tabulation of total population of states . . . for the apportionment of Representatives in Congress among the several States" to the President, who in turn must report that tabulation to Congress.

20.     The President's transmission to Congress must provide a "statement showing the whole number of persons in each State excluding Indians not taxed, as ascertained under [the] decennial Census of the population, and the number of Representatives to which each State would be entitled under an apportionment of the then existing number of Representatives by the method known as the method of equal proportions[.]"   2 U.S.C. § 2a(a).

21.     Federal law provides that each State shall be entitled to the number of Representatives shown in the President's statement.   2 U.S.C. § 2a(b).

22.     The Secretary of Commerce may delegate authority to carry out his functions and duties to conduct the Census to the Department of Commerce, of which the Census Bureau is a part.

23.     To conduct the decennial enumeration, the Census Bureau sends a questionnaire to each household in the U.S.  Every head of household is required by law to answer the questions on the Census form truthfully. 13 U.S.C. § 221.

**Defendants' Demonstrated Intent to Exclude Immigrant Populations from the Apportionment Count**

24.     President Trump and Defendants intend to disqualify or exclude undocumented immigrants and temporary visa holders from the total population count used for congressional apportionment and assignment of Electoral College votes following the 2030 decennial Census.

25.     On January 20, 2025, the first day in office in his second term, President Trump rescinded Executive Order 13986, 86 Fed. Reg. 7015 (January 20, 2021).  Executive Order 13986, signed by former President Joseph R. Biden, stated that based on the U.S. Constitution, federal law, and longstanding historical practice, "it is the policy of the United States that reapportionment shall be based on the total number of persons residing in the several States, without regard for immigration status."

26.     President Biden's Executive Order 13986 also rescinded two executive actions taken by President Trump during his first term: 1) Executive Order 13880, Collecting Information About Citizenship Status in Connection with the Decennial Census, 84 Fed. Reg. 33821 (July 11, 2019); and, 2) the Presidential Memorandum Excluding Illegal Aliens From the Apportionment Base Following the 2020 Census, 85 Fed. Reg. 44679 (July 21, 2020).

27.     The rescission of President Biden's Executive Order 13986 is a necessary step to reverse the policy of the executive branch and to implement President Trump's explicitly stated policies in Executive Order 13880 and the July 21, 2020 Presidential Memorandum.

28.     President Trump's rescission of Executive Order 13986 demonstrates his and Plaintiffs' intent to revert to his original policies, including those in Executive Order 13880 and the July 21, 2020 President Presidential Memorandum, and to add a citizenship or immigration status question to the decennial Census in order to exclude undocumented immigrants and temporary visa holders from the total population count used for congressional apportionment and the allocation of Electoral College votes.

29.     President Trump, his previous Secretary of Commerce Wilbur Ross and his previous Director of the U.S. Census Bureau tried to add a citizenship question to the 2020 decennial Census during President Trump's first term.

30.    The original attempt to add a citizenship question to the 2020 Census was blocked by the U.S. Supreme Court in *Department of Commerce v. New York*, 588 U.S. 752 (2019), which held that Secretary Ross's justification for adding such a question, on the premise that it would aid in voting rights enforcement, was pretextual and thus in violation of the Administrative Procedure Act.

31.    After the Supreme Court's decision in *Department of Commerce v. New York*, President Trump signed Executive Order 13880 and the July 21, 2020 Presidential Memorandum, directing his administration to identify methods to estimate the undocumented immigration population in the states and to exclude undocumented immigrants from the total apportionment count.

**2030 Census**

32.    The Secretary of Commerce and Acting Director of the U.S. Census Bureau are both appointees of President Trump.

33.    Three years before the date of the decennial Census, the Secretary of Commerce must submit to Congress the Secretary's determination of the proposed subjects to be included in the Census. 13 U.S.C. 141(f)(1).

34.    Two years before the date of the decennial Census, the Secretary of Commerce must submit to Congress the Secretary's determination of the questions to be included in the Census.  13 U.S.C. § 141(f)(2).

35.    Unlike President Trump's first term, the deadline to add a new subject to the decennial Census has not yet passed for the 2030 Census.

36.    Given President Trump's rescission of President Biden's Executive Order 13986, which now allows President Trump to pursue his first-term policies, including those in Executive

47

Order 13880 and the July 21, 2020 Presidential Memorandum, it is highly likely that Defendants will act promptly to take steps toward adding a citizenship or immigration status question to the 2030 Census, including potential testing and revisions to the 2030 Residence Criteria that exclude undocumented and other immigrants from the definition of those to be counted as "inhabitants."

37.     To date, other appointees of President Trump have taken actions since January 20, 2025 to advance the President's desired immigration or other policies.  There is no indication that Defendants will not act accordingly to implement the President's directives and previously stated policies.

**Defendant-Intervenor Injuries**

38.     Defendant-Intervenors, who are comprised of residents of California, Illinois, and Texas, will be injured if Representatives and electors to the Electoral College are apportioned based on an enumeration that deliberately excludes undocumented immigrants or other non-U.S. citizens.  Defendant-Intervenors will suffer malapportionment harms and reduced representation in the Electoral College if the total apportionment count excludes whole persons based on citizenship or immigration status.

39.     Plaintiffs' requested relief will shift congressional seats and Electoral College votes away from California, Illinois, and Texas, which have relatively higher proportions of undocumented immigrants or other non-U.S. citizens, and assign those seats and votes to states which have relatively lower proportions of undocumented immigrants or other non-U.S. citizens.  *See* Complaint ¶¶ 64-65; 70-71.

40.     The use of an apportionment count that does not include all "whole persons" will cause states and other political subdivisions with relatively higher proportions of undocumented immigrants or other non-U.S. citizens to lose congressional representation and Electoral College

representation. Defendant-Intervenors will have less access to their congressional members relative to other states with relatively lower proportions of undocumented immigrants or other non-U.S. citizens. Defendant-Intervenors will also have less voting strength in the U.S. House of Representatives and the Electoral College when compared to residents of other states with relatively lower proportions of undocumented immigrants or other non-U.S. citizens.

## CAUSES OF ACTION

### COUNT I
**(Violation of U.S. Constitution)**

41.     Defendant-Intervenors incorporate by reference the allegations in all preceding paragraphs.

42.     Article I, Section 2, Clause 3 of the U.S. Constitution requires an "actual enumeration" of people in the United States. The Constitution mandates that the apportionment of congressional seats be conducted on the basis of total population. U.S. CONST., Amdt. XIV, § 2 ("Representatives shall be apportioned among the several States, according to their respective numbers, counting the whole number of persons in each State").

43.     The production and report of a total apportionment count that excludes undocumented immigrants or other non-U.S. citizens from the total population for the purposes of congressional apportionment will injure Defendant-Intervenor Cross Claimants by depriving them of representation in the U.S. House of Representatives and the Electoral College.

44.     The purposeful exclusion of undocumented immigrants or other non-U.S. citizen residents living in the United States from the total population count used for purposes of Congressional apportionment and allocation of electors in the Electoral College violates the U.S. Constitution.

49

## COUNT II
### (Violation of the Permanent Reapportionment Act)

45.     Defendant-Intervenors incorporate by reference the allegations in all preceding paragraphs.

46.     Under 2 U.S.C. § 2a(a) of the Permanent Reapportionment Act, "the whole number of persons in each state" shall be used for the apportionment of representatives.

47.     The production and report of a total apportionment count that excludes undocumented immigrants or other non-U.S. citizens from the total population for the purposes of congressional apportionment will injure Defendant-Intervenor Cross Claimants by depriving them of representation in the U.S. House of Representatives and the Electoral College.

48.     The purposeful exclusion of undocumented immigrants and other non-U.S. citizen residents living in the United States from the total population count used for purposes of Congressional apportionment and allocation of electors in the Electoral College violates the Permanent Reapportionment Act.

### PRAYER FOR RELIEF

WHEREFORE, Defendant-Intervenors respectfully request that this Court:

(a) Declare that production and reporting to the President or to Congress of an altered tabulation for the purposes of congressional apportionment that attempts to exclude the undocumented population and the non-permanent resident population violates the U.S. Constitution;

(b) Enjoin Defendants and their agents from producing and/or reporting to the President or to Congress an altered tabulation for the purposes of congressional apportionment that attempts to exclude the undocumented population and the non-permanent resident

population;

(c) Award Defendant-Intervenors reasonable costs, expenses, and attorneys' fees under 28 U.S.C. § 2412; and

(d) Award such additional relief as the interests of justice may require.

Dated: April 22, 2026                                    Respectfully submitted,

                                                         */s/ Javier A. Silva*

                                                         MEXICAN AMERICAN LEGAL
                                                         DEFENSE AND EDUCATIONAL FUND

                                                         Susana A. Sandoval Vargas*
                                                         Javier A. Silva*
                                                         100 N. LaSalle St., Suite 1900
                                                         Chicago, IL 60602
                                                         Phone: (312) 427-0701
                                                         Email: ssandovalvargas@maldef.org
                                                         Email: jsilva@maldef.org

                                                         *Attorneys for Proposed Defendant-Intervenors*

                                                         **pro hac vice* application pending*

51