**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| State of Missouri, David Mason, Andrea McCann, Jessica Fisher, and Phillip Fisher,<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>United States Department of Commerce, Howard W. Lutnick in his official capacity as Secretary of Commerce, United States Census Bureau, George Cook in his official capacity as Acting Director of the U.S. Census Bureau,<br><br>　　　　Defendants. | Case No. 4:26-cv-00131<br><br>Three-Judge Panel Required Pursuant to 28 U.S.C. § 2284 |

**MEMORANDUM IN SUPPORT OF MOTION FOR BRIEFING SCHEDULE AND IN OPPOSITION TO NAACP INTERVENORS' MOTION FOR LEAVE TO FILE BRIEF OPPOSING A THREE JUDGE PANEL**

On April 1, 2026, Defendants appeared and moved for an extension of time to answer Plaintiffs' complaint. Doc. 43. Plaintiffs did not oppose an extension on the merits, although they noted that this action requires appointment of a three-judge panel under 28 U.S.C. § 2284, and that "the three-judge requirement in 28 U.S.C. § 2284 is jurisdictional." Doc. 44 (quoting *Kalson v. Paterson*, 542 F.3d 281, 287 (2d Cir. 2008); citing *Armour v. Ohio*, 925 F.2d 987, 989 (6th Cir. 1991) (en banc)). Because "the court cannot proceed at all in any cause" without jurisdiction, *Ex parte McCardle*, 74 U.S. 506, 514 (1868), Plaintiffs noted that the Court needed to appoint a three-judge panel before ruling on the motion for extension. *Id.* This Court

disagreed, and granted Defendants' motion for extension without appointing a three-judge panel under § 2284.  Doc. 45; Doc. 46.

Over two months ago, the Court noted that it would "impose a briefing schedule" about the § 2284 question "once Defendants appear."  Doc. 18 at 2–3. Defendants appeared nearly a month ago, but the Court has not ordered a briefing schedule yet.  Thus, Plaintiffs respectfully move for the following schedule about referral of this action for a three-judge panel under 28 U.S.C. § 2284(b)(1):[1]

- **May 13, 2026:** Defendants' Response Due

- **May 15, 2026:** Plaintiffs' Reply Due

A prompt referral under § 2284(b)(1) is necessary for two reasons.  *First*, § 2284(b)(1) requires "immediate[]" referral to the chief judge of the circuit "[u]pon the filing of a request for three judges."  To be sure, § 2284(b)(1) does not require referral if the single judge "determines that three judges are not required."  But this exception does not permit a middle ground in which courts can refrain from ruling for several months and thereby delay resolution of a § 2284 question.  A single judge must refer "immediately"—"unless he determines that three judges are not required." 28 U.S.C. § 2284(b)(1).  Section 2284 recognizes no in-between.

Thus far, the Court has only questioned the propriety of a three-judge panel,

---

[1] In moving for a briefing schedule, Plaintiffs do not concede that briefing is necessary in light of the Court's limited review powers under § 2284. *See Shapiro v. McManus*, 577 U.S. 39, 44 (2015) ("[T]he district judge was *required* to refer the case to a three-judge court, for § 2284(a) admits of no exception . . . [A]ll the district judge must 'determin[e]' is whether the 'request for three judges' is made in a case covered by § 2284(a)—no more, no less." (emphasis in original) (citations omitted)).

noting that "a determination must be made as to whether the gravamen of the claims is a constitutional challenge to the apportionment of congressional districts." Doc. 46 at 2. But raising this question does not relieve the Court of its obligation to make an immediate referral. If a Court has doubts about the § 2284 question, but has not "determine[d] that three judges are not required," the proper course is still to "immediately notify the chief judge of the circuit, who shall designate two other judges" as § 2284(b)(1) requires. Then, once the three-judge district court is convened, the Court can make a determination about whether to dissolve the panel and remand this action back to a single-judge district court.

The Fifth Circuit has instructed courts to follow this exact procedure, except only in "cases on which there can be no doubt at all" about the impropriety of a three-judge panel. *Jackson v. Choate*, 404 F.2d 910, 912–13 (5th Cir. 1968). According to the Fifth Circuit, courts must "forego the doubts, constitute a 3-Judge Court, and allow that court to determine initially" the propriety of a three-judge panel. *Id.* at 913. The Fifth Circuit also noted that "if the District Judge does not request the Chief Judge of the Circuit to constitute a 3-Judge Court he may face a writ of mandamus in the Court of Appeals—an awkward and often time-consuming appellate device at best." *Id.* at 912.[2] Thus, because this Court merely questions—and has not "determine[d]"—"that three judges are not required," § 2284(b)(1); *see* Doc. 46, the Court should still "immediately" refer this action to the Chief Judge of the Eighth

---

[2] The Eighth Circuit has also held that parties may seek interlocutory review of the denial of a three-judge panel via writ of mandamus. *Jensen v. Dole*, 677 F.2d 678, 680 (8th Cir. 1982).

3

Circuit under § 2284(b)(1).

*University of South Florida College Republicans v. Lutnick*, 8:25-cv-2486-WFJ-SDM-RSR, is also instructive. There, the plaintiffs challenged the Census Bureau's flawed data collection methods during the 2020 Census, and the plaintiffs requested a three-judge district court under 28 U.S.C. § 2284. *See* Am. Compl., ECF 2, at 20. Before the defendants appeared, the District Judge referred the action to the Chief Judge of the Eleventh Circuit "pursuant to 28 U.S.C. § 2284." Am. Order of Referral, ECF 26, at 1. In turn, the Chief Judge of the Eleventh Circuit appointed a three-judge court, noting that "[t]he three-judge court itself, of course, may subsequently determine that it should not have been constituted." *See* Designation of Three-Judge Court, ECF 27, at 2 (quoting *Merced Rosa v. Herrero*, 423 F.2d 591, 593 n.2 (1st Cir. 1970)). Importantly, the single district judge immediately referred the action *even though* he questioned the propriety of a three-judge court. Indeed, the day that the defendants appeared, the court issued an order requesting brief "concerning the necessity for a three-judge panel." *See* Endorsed Order, ECF 35. Then, the three-judge court ultimately "concluded that the three-judge panel should hear the case." *Univ. of S. Fla. Coll. Republicans v. Sec'y of Com.*, No. 8:25-CV-2486-WFJ-TGW, 2026 WL 321256, at *4 (M.D. Fla. Feb. 3, 2026). Of course, the single judge's immediate referral—notwithstanding questions about § 2284—was proper because § 2284(b)(1) requires immediate referral unless the single judge "determines that three judges are not required." § 2284(b)(1); *see also Jackson v. Choate*, 404 F.2d at 912–13. This Court should follow that procedure here.

4

*Second*, Plaintiffs request imminent referral because they are suffering several ongoing and irreparable harms, including representational harms in Congress, the Electoral College, and in Missouri state elections. Doc. 1, ¶¶ 64–90. These harms effect "instruments of government elected directly by and directly representative of the people," and thus strike at the "bedrock of our political system." *Reynolds v. Sims*, 377 U.S. 533, 562 (1964). Missouri is also suffering irreparable financial injuries because skewed Census data causes Missouri to lose hundreds of millions of dollars in federal funding. Doc. 1, ¶¶ 91–105. This lost funding cannot be recovered retrospectively because Defendants hold sovereign immunity from damages claims. *Missouri v. Trump*, 128 F.4th 979, 996 (8th Cir. 2025) ("Missouri cannot recoup that financial loss through a damages award because of sovereign immunity, so this constitutes an irreparable injury."), *affirming* 738 F. Supp. 3d 1113, 1153–54 (E.D. Mo. 2024) (Ross, J.); *Iowa Utilities Bd. v. F.C.C.*, 109 F.3d 418, 426 (8th Cir. 1996).

Despite these irreparable injuries, Plaintiffs have not moved for a preliminary injunction because of the weighty and complicated questions at issue in this action. Plaintiffs also consented to one extension to provide Defendants adequate time to consider their position about Plaintiffs' claims. That said, if there are further delays, Plaintiffs will be forced to move for a preliminary injunction to prevent further ongoing irreparable injury. And, importantly, § 2284(b)(3) provides that a "single judge shall not . . . hear and determine any application for a preliminary or permanent injunction" in actions "challenging the constitutionality of the apportionment of congressional districts." 28 U.S.C. § 2284(a), (b)(3). Thus,

5

immediate constitution of a three-judge panel is necessary.

Finally, Plaintiffs oppose the NAACP Intervenors' motion for leave to file an opposition brief to Plaintiffs' April 1 motion for a ruling on the § 2284 question. Doc. 49; Doc. 44. The Court presently lacks jurisdiction to grant NAACP Intervenors' motion for leave because the Court has not yet convened a three-judge district court. *See Kalson*, 542 F.3d at 287 ("[T]he three-judge requirement in 28 U.S.C. § 2284 is jurisdictional."). In any event, the NAACP Intervenors are moving for leave to respond to Plaintiffs' April 1 motion, Doc. 49 at 1–2, but the Court already denied that motion, Doc. 46. Thus, there is nothing for the NAACP Intervenors to respond to. If the NAACP Intervenors intend to submit briefing on the § 2284 question, Plaintiffs would not object to Intervenors offering briefing *after* the three-judge panel is convened and *if* the three-judge panel deems such briefing necessary. *See Jackson*, 404 F.2d at 912–13 (holding that courts should "forego the doubts, constitute a 3-Judge Court, and allow that court to determine initially this and the other issues").

Dated: April 29, 2026

Respectfully submitted,


**CATHERINE L. HANAWAY**
MISSOURI ATTORNEY GENERAL

/s/ *Louis J. Capozzi III*
Louis J. Capozzi III, #77756(MO)
  *Solicitor General*
Kathleen Hunker, #24118415(TX)
  *Principal Deputy Solicitor General*
William J. Seidleck, #77794(MO)
  *Principal Deputy Solicitor General*
J. Michael Patton, #76490(MO)
  *Deputy Solicitor General*
Graham Miller, #77656(MO)
  *Deputy Solicitor General*

OFFICE OF THE ATTORNEY GENERAL
207 West High Street
Jefferson City, MO 65102
Phone: (573) 645-9662
Louis.Capozzi@ago.mo.gov
Kathleen.Hunker@ago.mo.gov
William.Seidleck@ago.mo.gov
Michael.Patton@ago.mo.gov
Graham.Miller@ago.mo.gov

*Counsel for Plaintiffs*

7

## CERTIFICATE OF SERVICE

I certify that on April 29, 2026, the above was filed electronically through the

Court's electronic filing system to be serve electronically on counsel for the parties.

/s/ *Louis J. Capozzi III*