**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF MISSOURI, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 4:26-cv-00131-JAR |
| UNITED STATES DEPARTMENT OF COMMERCE, *et al.*, | |
| *Defendants*. | |

**DEFENDANTS' SECOND UNOPPOSED MOTION FOR EXTENSION OF TIME**
**TO RESPOND TO PLAINTIFFS' COMPLAINT**

Defendants respectfully move the Court for a 30-day extension of time to respond to Plaintiffs' Complaint, ECF No. 1, to June 5, 2026. This motion is unopposed.

Defendants conferred with Plaintiffs, who state their position as follows:

> Plaintiffs reiterate their request for this Court to either refer this case to the Chief Judge of the U.S. Court of Appeals for the Eighth Circuit, so that he can empanel a three-judge court, or to set a timely briefing schedule on whether referral is required. Plaintiffs object to any further delay in consideration of that question. Plaintiffs do not object to Defendants having 30 more days to otherwise respond to the Complaint.

Defendants then conferred with all Proposed Intervenors in this matter, none of whom object to this Motion.

**MEMORANDUM OF LAW**

A district court possesses the inherent power to reasonably manage its own docket, consistent with relevant rules and statutes. *Dietz v. Bouldin*, 579 U.S. 40, 45–46 (2016). Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a

specified time, the court may, for good cause, extend the time . . . before the original time or its extension expires . . . ."

Even if the Court determines that a three-judge panel is required in this matter, 28 U.S.C. § 2284(b)(3) permits a single judge to "conduct all proceedings . . . and enter all orders permitted by the rules of civil procedure" in a case requiring a three judge panel, except for certain orders that are not at issue here, *see id.* ("A single judge shall not appoint a master, or order a reference, or hear and determine any application for a preliminary or permanent injunction or motion to vacate such an injunction, or enter judgment on the merits."). Defendants' Motion for Extension of Time does not require a ruling on the merits, or any other ruling prohibited by the statute governing three-judge panels. *See id.* Therefore, Section 2284 allows this Court to grant Defendants' Motion before appointing a three-judge panel or determining the need for one.

Good cause exists for the requested extension. Additional time is needed in order to permit communication with the Department of Commerce regarding this litigation and finalization of the government's responsive pleading. Plaintiffs do not oppose the requested extension, though as noted above, they do object to any delay in this Court's consideration of whether a three-judge panel is required to hear this case. All Proposed Intervenors do not oppose. This is the second extension request for this deadline, and the requested extension would not prejudice any party.

For the foregoing reasons, Defendants respectfully request that the Court extend the deadline to respond to Plaintiffs' Complaint to June 5, 2026.

Dated: May 4, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DIANE KELLEHER
Director

STEPHEN M. ELLIOTT

2

Assistant Branch Director

/s/ *Kevin K. Bell*
KEVIN K. BELL
967210(GA)
KATHRYN L. ALKIRE
1050146(FL)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 305-8613
E-mail: Kevin.K.Bell@usdoj.gov

*Counsel for Defendants*

3