**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF MISSOURI, et al., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    No. 4:26-cv-00131-JAR |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF COMMERCE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Plaintiffs' motion to impose a briefing schedule

regarding their request for a three-judge panel under 28 U.S.C. § 2284.  The Court is amendable

to Plaintiffs' request and finds the proposed schedule agreeable.  The Court notes, however, that

it continues to reject Plaintiffs' argument that briefing on this issue is superfluous and unduly

delays determination.  Repetition of this argument is not a substitute for merit.

By way of brief background, Plaintiffs requested the appointment of a three-judge panel

under § 2284 in their complaint (ECF No. 1 at p. 15) and via a standalone notice (ECF No. 3)

filed the same day as their complaint.  Shortly thereafter, the Court acknowledged the request in

an order stating that the Court would hold the request for referral to a three-judge panel in

abeyance until such time as Defendants appeared and responded to the request.  (ECF No. 18).

Defendants appeared for the first time on April 1, 2026 to request an extension of time to

respond to the complaint.  (ECF No. 43).  Plaintiffs did not oppose the requested extension of

time but moved for an immediate *ex parte* ruling on their request for a three-judge panel,

asserting that the Court lacked jurisdiction to rule on the requested extension of time without first

1

convening a three-judge panel. (ECF No. 44). The Court denied Plaintiffs' request for an immediate ruling on the issue of a three-judge panel again noting that the Court will not unduly delay the decision but would make it after an opportunity to receive briefing on the issue (ECF No. 46). Separately, the Court granted Defendants' first request for extension of time to respond to the complaint by or before May 6, 2026. (ECF No. 45). On May 4, 2026, Defendants moved for a second extension of time to respond to the complaint. (ECF No. 57).[1] In that motion, Defendants explained that while Plaintiffs consented to the additional extension of time, they reiterated their position that the Court must call for a three-judge panel immediately or set the requested briefing schedule on the issue to avoid further delay.

Given that Plaintiffs' complaint contains allegations regarding the necessity of a three-judge panel, the Court has thought it likely that Defendants will respond to the request for a three-judge panel when they respond to the complaint. Thus, the Court has not yet set a separate briefing schedule on the issue. However, to the extent Defendants do not offer such a response, and in light of their second requested extension of time to respond to the complaint, the Court will impose the briefing schedule proposed by Plaintiffs. To be clear, allowing for scheduled briefing on the necessity of a three-judge panel allows the Court to make a determination as to whether a panel is truly necessary under § 2284 after hearing from all parties. It does not place Plaintiffs' request in an inappropriate "middle ground" between decision and indecision in which the court intends to "refrain from ruling for several months and thereby delay resolution of a § 2284 question." (ECF No. 56 at p. 2). Rather, briefing will be welcomed to assist the Court in making the necessary determination under § 2284. Allowing briefing from all parties interested

---

[1] Defendants' second motion for extension of time to respond to the complaint is addressed by separate order.

in providing their perspective is not unusual or unnecessary especially when weighing an issue that will alter the course of the entire litigation.

Notwithstanding their request to impose a briefing schedule, Plaintiffs continue to voice their opinion that briefing is superfluous "in light of the Court's limited review powers under § 2284" and unnecessarily delays the required determination.  ECF No. 56 p. 2 n.1.  Plaintiffs contend that § 2284 requires the Court to immediately call for a three-judge panel upon receiving a request for one to allow the three-judge panel itself to determine whether the three-judge panel should continue to hear the case or disband.  In support of this proposed procedure, Plaintiffs cite a Fifth Circuit decision involving an unusual and readily distinguishable holding that has since been criticized in other courts.[2]  In *Jackson v. Choate*, the plaintiff brought a writ of mandamus to the Fifth Circuit to compel the district judge to request a three-judge panel under 28 U.S.C. § 2281, a now-repealed statute that required a three-judge panel to hear cases seeking to enjoin enforcement of state statutes on the grounds of unconstitutionality.  404 F.2d 910 (5th Cir. 1968) (Brown, C.J.).  Before mandamus proceedings were undertaken by the court of appeals, the Chief Judge of the Fifth Circuit settled the issue alone by appointing a three-judge panel, noting that he incidentally received the notice of a request by nature of the writ.  *Id*. at 911.  In his appended opinion on the issue, Chief Judge Brown advocated for a more efficient approach to

---

[2] *See, e.g.*, *Heaney v. Allen*, 425 F.2d 869, 871-72 (2d Cir. 1970) (rejecting the standard crafted in *Jackson* for a myriad of reasons, finding that "[w]hatever the problems of the Fifth Circuit may be, we respectfully decline the invitation" to adopt a standard "that, except in 'an open and shut case,' it is better to 'constitute a 3-Judge Court, and allow that court to determine initially' whether it should have been constituted."); *Merced Rosa v. Herrero*, 423 F.2d 591, 592 (1st Cir. 1970) (in which three-judge panel was requested under now-repealed 28 U.S.C. § 2282, noting that "We do not adopt the request-unless-nodoubt-at-all standard voiced by Chief Judge Brown in *Jackson v. Choate…*"); *see also Sinatra v. New Jersey State Com. of Investigation*, 311 F.Supp. 678, 680-81 (D.N.J. 1970) (rejecting the approach in *Jackson*, noting that "[o]ne may share such proper concern with the time-consuming character of appeals without finding statutory warrant for [the Fifth Circuit's] method of avoiding them.").

3

appointing three-judge panels under § 2281, directing that "unless it is determined that it was an open and shut case," the three-judge panel should be convened to determine whether the case truly fell under § 2281. *Id*. at 913. Noting the "exploding" docket and deluge of three-judge panel requests faced by the Fifth Circuit at the time, the Chief Judge found it necessary to employ "judicial inventiveness" to craft a more efficient approach that would avoid "time consuming" and "awkward" appellate review of decisions rejecting a three-judge panel request under § 2281. *Id*. at 911-13. The risk that a three-judge panel would conclude that it was convened unnecessarily under § 2281 was very low given that "[i]n this day and time of dynamic expansion of constitutional principles and their application," it would be nearly impossible to conclude that a constitutional attack was insubstantial enough to avoid empaneling three judges under § 2281.[3] *Id*. at 913. This decision was handed down before Congress repealed §§ 2281 and 2282 (*see* P.L. 94-381 (1976)) and offered no insight as to the appointment of three-judge panels under the separate mandate of § 2284, for cases challenging the apportionment of congressional districts, at issue here. It was also handed down before the Supreme Court's decision in *Shapiro v. McManus*, 577 U.S. 39 (2015), which Plaintiffs continue to misapply. The Supreme Court in *Shapiro* acknowledged that while the district judge's obligations under § 2284 are triggered upon a *request* for appointment of a three-judge panel, as Plaintiffs repeatedly point out, the district court need not notify the chief judge of the request "if the case does not merit [a three-judge panel] under § 2284(a)." *Id*. at 44. The Supreme Court made clear that whether the request is made in a case that truly warrants a three-judge panel is a threshold question that must be addressed before a three-judge panel is requested by the district court.

---

[3] And perhaps this is the very reason § 2281 was repealed shortly after "to improve judicial machinery" by reducing the number of cases in which three-judge panels were required. P.L. 94-381 Notes.

Further, Plaintiffs' citation to *Univ. of S. Fla. Coll. Republicans v. Lutnick*, 8:25-cv-2486-WFJ-SDM-RSR (M.D. Fla. 2025) provides no meaningful guidance here.  Plaintiffs point to this case as a recent example in which the district court appointed a three-judge panel prior to the appearance of the defendants in a case Plaintiffs allege is similar to theirs.  Plaintiffs reach too far.  In *Lutnik*, the court did refer the case for appointment of a three-judge panel before the defendants appeared.  *See Lutnik*, 8:25-cv-2486-WFJ-SDM-RSR at ECF No. 26.  However, in doing so, the Court provided no reasoning, discussion, standard, or citation to authority (besides § 2284 itself).  Dissimilar to this action, the plaintiffs in *Lutnik* purported to state claims under Pub. L. 105-119[4] (which creates a cause of action for persons aggrieved by the use of unlawful statistical methods in the decennial Census), which itself requires those claims to be heard by a three-judge panel.  *See* Pub. L. 105-119 § 209(e)(1).  In appointing the three-judge panel, the chief judge stated that the action "is one required by Act of Congress to be heard by a district court of three judges" (and not one required in light of a determination that it involves a challenge to the apportionment of congressional districts, as here).  *Lutnik*, 8:25-cv-2486-WFJ-SDM-RSR at ECF No. 27.  In appointing the panel, the Chief Judge cited *Merced Rosa*, 423 F.2d at 593 n.2, which explicitly rejected the standard in *Jackson* upon which Plaintiffs rely and instead noted that the panel was free to reconsider its propriety once empaneled.[5]  The panel did see fit to receive briefing on the issue from all parties, including intervenors who joined the action after the three-judge panel was appointed, and ultimately concluded that a three-judge panel was appropriate, as Plaintiffs note.  *See Univ. of S. Fla. Coll. Republicans v. Sec'y of*

---

[4] Codified in the notes to 13 U.S.C. § 141

[5] Of course, if a three-judge panel were to be convened here, that panel would also be free to reconsider its propriety regardless of the meticulousness with which the Court endeavors to assess Plaintiffs' request at this stage.

*Com.*, No. 8:25-CV-2486-WFJ-TGW, 2026 WL 321256, at *4 (M.D. Fla. Feb. 16, 2026). Without any meaningful discussion of the issue or applicable standard by that court, the Court here declines to find some implicit ruling backed by unstated reasoning justifying a departure from the approach the Court currently takes to meaningfully assess whether this case falls under § 2284 before requesting that a three-judge panel be convened.

Accordingly, having again determined the necessity and propriety of further briefing on Plaintiffs' request for appointment of a three-judge panel under § 2284,

**IT IS HEREBY ORDERED** that the Court will impose the following briefing schedule: any response to the request for appointment of a three-judge panel shall be due on **May 13, 2026**, and any reply Plaintiffs wish to offer in support of the request for a three-judge panel shall be due on **May 15, 2026**.

Dated this 5th Day of May, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

6