**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| STATE OF MISSOURI, DAVID MASON, ANDREA MCCANN, JESSICA FISHER, and PHILLIP FISHER,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, HOWARD W. LUTNICK in his official capacity as Secretary of Commerce, UNITED STATES CENSUS BUREAU, and GEORGE COOK in his official capacity as Acting Director of the U.S. Census Bureau,<br><br>　　　　Defendants. | Case No. 4:26-cv-00131 (JAR) |

**NAACP INTERVENORS' NOTICE OF OPPOSITION TO PLAINTIFFS' REQUEST TO APPOINT A THREE-JUDGE COURT**

Proposed Intervenors National Association for the Advancement of Colored People ("NAACP"), National Association for the Advancement of Colored People Missouri State Conference ("Missouri NAACP"), Services, Immigrant Rights, and Education Network ("SIREN"), Massachusetts Immigrant and Refugee Advocacy Coalition ("MIRA"), H. Victoria Morgan, Gabe Reiss, Carrie Nicolas, Lucia Ornelas, and Veronica Zavala (collectively "NAACP Intervenors") respectfully provide the Court notice of their continued opposition to Plaintiffs' request for a three judge court.[1]

---

[1] NAACP Intervenors' unopposed motion to intervene remains pending. *See* ECF No. 21. That motion may be resolved by this Court alone because motions to intervene are not among the motions that must be resolved by a three-judge court. *See* 28 U.S.C. § 2284(b)(3) ("A single judge may conduct all proceedings except the trial, and enter all orders permitted by the rules of civil procedure except as provided in this subsection. . . . A single judge shall not appoint a master, or order a reference, or hear and determine any application for a preliminary or permanent injunction or motion to vacate such an injunction, or enter judgment on the merits.").

1

As NAACP Intervenors argued in greater detail in prior proposed filings, none of Plaintiffs' claims are justiciable, *see* ECF No. 40-2 at 2–9, and justiciability should be addressed before the three-judge court issue, *see* ECF No. 49-1 at 3–5. Moreover, the complaint does not qualify for a three-judge court because it is not, in substance, a challenge to "the apportionment of congressional districts" itself but instead to the census procedures that precede and affect that apportionment. *Id*. at 5–7 (quoting 28 U.S.C. § 2284(a)).

Plaintiffs' most recent filing, ECF No. 56, does not move the needle. They first cite *Jackson v. Choate*, 404 F.2d 910, 912–13 (5th Cir. 1968), but that out-of-circuit case construed a different, now-repealed statute and pre-dated the legion of modern case law strictly construing statutes providing for three-judge courts. *See, e.g.*, *Shapiro v. McManus*, 577 U.S. 39, 44–45 (2015) ("[A] three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." (quotation omitted)); *Alsager v. Dist. Ct. of Polk Cnty.*, 518 F.2d 1160, 1166 (8th Cir. 1975) ("[T]he three-judge court statutes are to be applied literally and strictly to decrease the number of such panels convened."); *Larry v. Arkansas*, No. 4:18-CV-00116-KGB, 2018 WL 11579908, at *3 (E.D. Ark. Apr. 23, 2018) (single-judge district court dismissing a claim pursuant to Rule 12(b)(1) prior to acting on a request for a three-judge court). It does not bind and should not guide this Court.

Plaintiffs next cite a more recent ruling out of Florida. *See Univ. of S. Fla. Coll. Republicans v. Sec'y of Com.*, No. 8:25-CV-2486-WFJ-TGW, 2026 WL 321256 (M.D. Fla. Feb. 3, 2026). But that case also offers them no support—as this Court correctly noted, ECF No. 58 at 5–6, the claims there arose under a unique statute that specifically provided for three-judge courts for challenges to statistical sampling methods used in the census. *See* Pub. L. 105-119 § 209(e)(1), 111 Stat 2440 (1997). Much more applicable is *Alabama v. U.S. Department of Commerce*, 493 F.

Supp. 3d 1123, 1128 (N.D. Ala. 2020), which involved claims that are near carbon copies of those brought here. *See* ECF No. 49-1 at 5–6 (explaining why the Court should follow *Alabama* in finding Plaintiffs are not entitled to a three-judge court).

In any event, in *University of South Florida*, the case was referred to a three-judge court without any responsive briefing and before defendants or intervenors had appeared and contested jurisdiction. *See* Am. Order, *Univ. of S. Fla.*, No. 8:25-cv-2486 (M.D. Fla. Oct. 8, 2025), ECF No. 26. As Chief Judge Pryor made clear in designating a three-judge court for that case, the designation was "not a prejudgment as to whether this action should be heard by a three-judge court." Designation of Three-Judge Court at 2, *Univ. of S. Fla.*, No. 8:25-cv-2486 (Oct. 8, 2025), ECF No. 27. The three-judge court then dismissed the case as time-barred. *See Univ. of S. Fla.*, 2026 WL 321256, at *8. In doing so, it bypassed and did not resolve the jurisdictional standing arguments. *See id.* at *5 n.4; *Elec. Privacy Info. Ctr. v. FAA*, 821 F.3d 39, 41 n.2 (D.C. Cir. 2016) (holding that courts may dismiss for "straightforward" time-bar reasons without first addressing standing questions (quotation omitted)). Because *University of South Florida* for that reason did not involve a dismissal based on a lack of subject matter jurisdiction, it did not implicate the rule that jurisdictional issues can and should be resolved by a single judge. *See Shapiro*, 577 U.S. at 44.

Accordingly, NAACP Intervenors respectfully request that the Court deny Plaintiffs' request for a three-judge court.

Dated: May 13, 2026

Respectfully submitted,

*/s/ David R. Fox*
David R. Fox*
Christopher D. Dodge*
Branden D. Lewiston*
Kevin R. Kowalewski*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Telephone: (202) 968-4490
dfox@elias.law
cdodge@elias.law
blewiston@elias.law
kkowalewski@elias.law

Abha Khanna*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Telephone: (202) 656-0177
akhanna@elias.law

J. Andrew Hirth, #57807
TGH LITIGATION LLC
28 N. 8th St., Suite 200
Columbia, MO 65201
Telephone: (573) 256-2850
andy@tghlitigation.com

*Appearing *pro hac vice*

*Counsel for Proposed Intervenors*

4