**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF MISSOURI, DAVID MASON, ANDREA MCCANN, JESSICA FISHER, AND PHILLIP FISHER,<br><br><br>*Plaintiffs*,<br><br>v.<br><br><br>UNITED STATES DEPARTMENT OF COMMERCE, HOWARD W. LUTNICK in his official capacity as Secretary of Commerce, UNITED STATES CENSUS BUREAU, GEORGE COOK in his official capacity as Acting Director of the U.S. Census Bureau.,<br><br><br>*Defendants*. | Case No.: 4:26-cv-00131 (JAR) |

**PROPOSED INTERVENOR-DEFENDANTS OCA-ASIAN PACIFIC AMERICAN ADVOCATES, MAKE THE ROAD NEW YORK, NEW YORK IMMIGRATION COALITION, AND FIEL HOUSTON'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR REFERRAL TO A THREE-JUDGE COURT**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................ 2

ARGUMENT..................................................................................................................... 3

    I.   The Court must resolve threshold justiciability questions before considering whether 28 U.S.C. § 2284(a) applies to this action. ..................................................... 3

    II.  Plaintiffs' challenge to census residency practices does not qualify for a three-judge panel under § 2284. ...................................................................................... 6

        A.  Plaintiffs do not challenge the constitutionality of the apportionment of congressional districts, so § 2284 does not apply. ........................................... 7

        B.  Plaintiffs' authority for an automatic referral is outdated and inapposite. ................................................................................................ 9

CONCLUSION................................................................................................................ 12

i

## TABLE OF AUTHORITIES

**Cases**

*Alabama v. United States Department of Commerce,*
  493 F. Supp. 3d 1123 (N.D. Ala. 2020) ............................................................. 7, 8, 9

*Alsager v. District Court of Polk County (Juvenile Division),*
  518 F.2d 1160 (8th Cir. 1975) .................................................................................. 7

*Citizens for Fair Representation v. Padilla,*
  815 F. App'x 120 (9th Cir. 2020) ............................................................................. 4

*Citizens for Fair Representation v. Padilla,*
  No. 2:17-cv-00973-KJM-DMC, 2018 WL 6249911 (E.D. Cal. Nov. 29, 2018) ...... 4

*Federation for American Immigration Reform v. Kluznick,*
  486 F. Supp. 564 (D.D.C. 1980) ............................................................................... 8

*Gonzalez v. Automatic Employee Credit Union,*
  419 U.S. 90 (1974) .................................................................................................... 3

*Jackson v. Choate,*
  404 F.2d 910 (5th Cir. 1968) ............................................................................... 9, 10

*Larry v. Arkansas,*
  No. 4:18-cv-00116, 2018 WL 11579908 (E.D. Ark. Apr. 23, 2018) ....................... 4

*Massachusetts v. Mosbacher,*
  785 F. Supp. 230 (D. Mass. 1992) ..................................................................... 7, 8, 9

*Patchak v. Zinke,*
  583 U.S. 244 (2018) .................................................................................................. 4

*Philadelphia v. Klutznick,*
  503 F. Supp. 657 (E.D. Pa. 1980) ............................................................................. 8

*Shapiro v. McManus,*
  136 S. Ct. 450 (2015) ................................................................................................ 4

*Shapiro v. McManus,*
  577 U.S. 39 (2015) ................................................................................... 2, 3, 10, 11

*South Carolina State Conference of NAACP v. McMaster,*
  No. 3:21-cv-03302-JMC, 2021 WL 5853172 (D.S.C. Dec. 9, 2021) ................... 3, 6

*Texas v. United States,*
  523 U.S. 296 (1998) .................................................................................................. 6

*Thigulla v. Jaddou*,
  94 F.4th 770 (8th Cir. 2024) ................................................................................. 4

*Thomas v. Beals*,
  No. 3:22-cv-427-DJN, 2022 WL 3038458 (E.D. Va. Aug. 1, 2022) ...................... 5

*Thomas v. Reeves*,
  961 F.3d 800 (5th Cir. 2020) ................................................................................. 9

*Trump v. New York*,
  592 U.S. 125 (2020) .............................................................................................. 6

*University of South Florida College Republicans v. Lutnick*,
  No. 8:25-cv-2486-WFJ-SDM-RSR (M.D. Fla. 2025) ......................................... 11

*Utah v. Evans*,
  536 U.S. 452 (2002) .............................................................................................. 5

**Statutes**

13 U.S.C. § 141 ......................................................................................................... 6

28 U.S.C. § 2284 ................................................................................................. 6, 11

Pub. L. No. 105-119 ............................................................................................... 11

**Other Authorities**

83 Fed. Reg. 5525-01 (Feb. 8, 2018) ....................................................................... 8

Black's Law Dictionary (4th ed. 1968) ..................................................................... 7

S. Rep. No. 94-204 (1976) ....................................................................................... 9

**Constitutional Provisions**

U.S. Constitution Article 1, § 2 .......................................................................... 5, 6

**INTRODUCTION**

Plaintiffs ask this Court to convene a three-judge panel under 28 U.S.C. § 2284 to hear their challenge to the Census Bureau's residence criteria for counting noncitizens in the decennial census. *See* Compl. ¶¶ 35–36, ECF No. 1; ECF Nos. 3, 43, 56. The request should be denied.

Through multiple motions, Plaintiffs insist that § 2284 requires automatic and immediate referral to a three-judge court whenever a request under that section is filed. But Plaintiffs' position relies on inapposite authority interpreting statutes that governed materially different circumstances. Instead, both the text of the statute and binding precedent confirm otherwise. As this Court has already recognized, a district court must first analyze whether the action falls within § 2284(a) before requesting that a three-judge panel be convened. *See* Order, ECF No. 58 (May 5 Order) at 4.

In any event, under longstanding precedent, this Court must first resolve threshold jurisdictional questions before taking any action on the § 2284 question. And here, Plaintiffs' claims are not justiciable: their backward-looking claims as to the 2020 Census are not redressable, and their forward-looking claims as to the 2030 Census are speculative at best and unripe. Because this Court lacks jurisdiction over Plaintiffs' Complaint, there is no basis to convene a three-judge panel.

Separately, even if some claims survived the jurisdictional threshold, Plaintiffs' challenge still would not qualify for a three-judge panel under § 2284. Plaintiffs challenge the Census Bureau's residency counting practices, not the apportionment of districts itself. Courts have long distinguished between direct attacks on apportionment and challenges to precursors to the ultimate apportionment decision. Because Plaintiffs' claims concern only antecedent census practices, § 2284 does not require convening a three-judge court.

**BACKGROUND**

Plaintiffs initiated this case on January 30, 2026, challenging the inclusion of undocumented immigrants and temporary visa holders in the 2020 and 2030 U.S. Census. *See generally* Compl., ECF No. 1. The Complaint requested that this Court notify the Chief Judge of the U.S. Court of Appeals for the Eighth Circuit of this action so a three-judge panel could be convened. *Id*. ¶ 36. The same day, Plaintiffs also separately filed a "Notice" (more accurately a motion) requesting "immediate[]" appointment of a three-judge panel. *See* ECF No. 3. On February 9, OCA-Asian Pacific American Advocates, Make the Road New York, New York Immigration Coalition, and FIEL Houston moved to intervene as Defendants in this action. *See* ECF No. 11. On February 12, this Court issued an order stating it would hold Plaintiffs' request in abeyance, to afford Defendants an opportunity to respond. *See* ECF No. 18. That order noted that prior to referring the case for appointment of a three-judge panel, the Court must determine "whether the request for three judges is made in a case covered by § 2284" and that it "need not unthinkingly" refer the case. *Id*. (quoting *Shapiro v. McManus*, 577 U.S. 39, 43–44 (2015)).

On April 1, Defendants appeared and moved for an extension of time to respond to the Complaint. *See* ECF Nos. 41–43. The same day, Plaintiffs renewed their motion for appointment of a three-judge panel. ECF No. 44. Plaintiffs also took the position that this Court lacked jurisdiction to rule on the motion for an extension of time. *Id*. On April 3, this Court issued orders granting the extension and denying the motion for immediate appointment of a three-judge panel. ECF Nos. 45–46. The latter order reminded Plaintiffs that, as previously noted, this Court was waiting for full briefing to come in regarding the request for a three-judge panel. ECF No. 46 at 3–4. The order further stated that the request for a panel appointment remained live and that the Court would decide it in due course. *Id*. at 4.

2

On April 29, Plaintiffs filed a third motion related to their request for a three-judge panel, seeking a briefing schedule. *See* ECF No. 55. This Court issued an order setting a briefing schedule on May 5. *See* May 5 Order. In accordance with that order—contemplating "briefing from all parties interested in providing their perspective," *id*. at 2–3—Proposed Intervenor-Defendants OCA-Asian Pacific American Advocates, Make the Road New York, New York Immigration Coalition, and FIEL Houston respectfully submit this brief in opposition.

## ARGUMENT

Plaintiffs are not entitled to a three-judge court for two independent reasons. First, the Court must resolve antecedent questions of standing, ripeness, and redressability before considering whether § 2284 applies, and Plaintiffs' claims concerning both the 2020 and 2030 Censuses are not justiciable. Second, even if Plaintiffs could establish justiciability, their claims challenge antecedent census-administration policies rather than "the constitutionality of the apportionment of congressional districts," and therefore fall outside the narrow scope of § 2284(a).

**I.     The Court must resolve threshold justiciability questions before considering whether 28 U.S.C. § 2284(a) applies to this action.**

Before any three-judge court may be convened, "[f]irst, the court must determine whether even a single federal judge has jurisdiction under the ordinary strictures of Article III." *S.C. State Conf. of NAACP v. McMaster*, No. 3:21-cv-03302-JMC, 2021 WL 5853172, at *3 (D.S.C. Dec. 9, 2021). The Supreme Court has made clear that "[a] three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Shapiro*, 577 U.S. at 44–45 (quoting *Gonzalez v. Automatic Emps. Credit Union*, 419 U.S. 90, 100 (1974)). Article III jurisdiction is therefore an antecedent issue that necessarily precedes any determination under § 2284. This makes good sense, as the "requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Thigulla*

3

*v. Jaddou*, 94 F.4th 770, 773 (8th Cir. 2024) (quoting *Patchak v. Zinke*, 583 U.S. 244, 254 (2018) (plurality op.)). As Proposed Intervenor-Defendants have argued, Plaintiffs' claims are not justiciable and should be dismissed. *See generally* Proposed Mem. in Support of Mot. to Dismiss of Intervenor-Defs., ECF No. 11-2. The Court should therefore dismiss the Complaint and deny as moot Plaintiffs' request to convene a three-judge panel.

District courts—including those in the Eighth Circuit—routinely resolve threshold jurisdictional questions before convening a three-judge panel. For example, in *Larry v. Arkansas*—a congressional-redistricting case plainly within the ordinary scope of § 2284—the district court addressed standing before determining whether a three-judge panel was warranted. No. 4:18-cv-00116, 2018 WL 11579908, at *2–3 (E.D. Ark. Apr. 23, 2018). There, the court explained that "to the extent [plaintiff] lacks standing to bring his claims . . . , the Court may dismiss those claims without convening a three-judge panel." *Id*. at *3.

Likewise, in *Citizens for Fair Representation v. Padilla*, plaintiffs sought a three-judge court under § 2284 while asserting constitutional challenges relating to legislative representation and apportionment. No. 2:17-cv-00973-KJM-DMC, 2018 WL 6249911, at *3 (E.D. Cal. Nov. 29, 2018). The district court declined to request a panel until it first resolved "threshold determination[s] of jurisdiction and justiciability." *Id*. (citing *Shapiro v. McManus*, 136 S. Ct. 450, 455 (2015)). The court ultimately dismissed the action for lack of jurisdiction without convening a three-judge court, and the Ninth Circuit affirmed, holding that "[b]ecause the district court lacked jurisdiction to hear Plaintiffs' claims under Article III, it properly denied their request for a three-judge court." *Citizens for Fair Representation v. Padilla*, 815 F. App'x 120, 124 (9th Cir. 2020). And in *Thomas v. Beals*, despite allegations of unconstitutional malapportionment tied to delayed census data, the district court dismissed the action for lack of standing without convening a three-

4

judge court, treating redressability and traceability as antecedent jurisdictional issues. No. 3:22-cv-427-DJN, 2022 WL 3038458, at *8–9 (E.D. Va. Aug. 1, 2022). These cases reflect the ordinary and necessary rule that federal courts must assure themselves of jurisdiction before taking further action under § 2284.

That principle requires dismissal here. Plaintiffs' backward-looking claims concerning the 2020 Census and 2021 Apportionment are not redressable at all. Once census data has been certified and apportionment completed, a claimed census injury is redressable only in narrow circumstances—namely, where the alleged error is discovered "before new Representatives are actually selected" and can be corrected "mechanically" and "without further need for exercise of policy judgment." *Utah v. Evans*, 536 U.S. 452, 462 (2002). That is not remotely the situation here. Five years have passed since the apportionment process concluded, and two congressional elections have been held under the resulting apportionment, with a third underway. *See* Proposed Mem. in Support of Mot. to Dismiss of Intervenor-Defs., ECF No. 11-2 at 3–4.

Moreover, the extraordinary relief Plaintiffs seek—a judicial order requiring Defendants to retroactively change the 2020 Census results and apportionment, years after the fact—is practically and legally impossible. *Id*. at 4. Existing census data cannot provide the means to remove undocumented immigrants and visa holders from the 2020 apportionment base, because the 2020 Census form asked no questions about citizenship or immigration status, and no external data source provides the constitutionally required "actual Enumeration." *Id*. at 4–5 (quoting U.S. Const. art. I, § 2, cl. 3). Defendants' proposal—if need be, "re-conduct[ing] the 2020 census enumeration," *id*. at 4—would not solve the problem, even if it were somehow logistically possible. Any count conducted in 2026 would not be an "actual [e]numeration" of the nation's

5

population in 2020, U.S. Const. Art. 1, § 2, and would violate the Census Act's prohibition on using a mid-decade census for purposes of apportionment, *see* 13 U.S.C. § 141(e)(2).

Plaintiffs' claims regarding the 2030 Census also fail for lack of standing because they rest on speculation about future events that may never occur. Plaintiffs' Complaint identifies no policy regarding undocumented immigrants or temporary visa holders that is in place—or has even been proposed—for the 2030 Census. It is also far from clear that Defendants (or whoever is in office years from now) will attempt to include such noncitizens in the apportionment base. Nor have Plaintiffs alleged that including such noncitizens would injure them for purposes of Article III standing. In short, Plaintiffs' alleged claims depend on "future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, 592 U.S. 125, 131 (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Because Plaintiffs' claims concerning both the 2020 and 2030 Censuses fail on threshold jurisdictional grounds, there is no basis to convene a three-judge court under § 2284.

## II. Plaintiffs' challenge to census residency practices does not qualify for a three-judge panel under § 2284.

Even setting aside the many jurisdictional issues with Plaintiffs' claims, this Court should still decline to appoint a three-judge panel. At this juncture, a Court "consider[s] whether the case, as presented, constitutes 'an action challenging the constitutionality of the apportionment of congressional districts or the apportionment of [a] statewide legislative body.'" *S.C. State Conf. of NAACP*, 2021 WL 5853172, at *3 (quoting 28 U.S.C. § 2284(a)). Because Plaintiffs do not directly challenge apportionment itself and instead challenge processes that may contribute to the eventual apportionment, their request fails.

**A. Plaintiffs do not challenge the constitutionality of the apportionment of congressional districts, so § 2284 does not apply.**

Section 2284 is "to be applied literally and strictly to decrease the number of [three-judge] panels convened." *Alsager v. Dist. Ct. of Polk Cnty. (Juv. Div.)*, 518 F.2d 1160, 1166 (8th Cir. 1975). Because Plaintiffs do not directly challenge congressional apportionment itself, the statute does not apply. At its core, the Complaint challenges the Census Bureau's administrative practice of counting all residents regardless of immigration status—a census methodology question, not a challenge to the constitutionality of the apportionment of congressional districts.[1] This challenge does not fall within the scope of § 2284(a).

Looking to § 2284(a)'s plain language, courts interpreting the statute have consistently distinguished between challenges to "precursors to the ultimate apportionment decision," to which the statute does not apply, and "direct challenge[s] to apportionment itself," to which it does. *Massachusetts v. Mosbacher*, 785 F. Supp. 230, 234–38 (D. Mass. 1992), *rev'd on other grounds sub nom. Franklin v. Massachusetts*, 505 U.S. 788 (1992). Because "the word 'apportionment' . . . means 'the division, partition, or distribution of a subject matter in proportionate parts,'" for example, a federal court in the Northern District of Alabama explained that "the provision in § 2284(a)" can only "read[] as 'a challenge to the division, partition, or distribution of *congressional districts* in proportionate parts.'" *Alabama v. U.S. Dep't of Com.*, 493 F. Supp. 3d 1123, 1127–28 (N.D. Ala. 2020) (quoting *Black's Law Dictionary* (4th ed. 1968) (emphasis added)).

Other cases are in accord. In *Federation for American Immigration Reform v. Klutznick*, the court concluded that a constitutional challenge to the constitutionality of including

---

[1] Missouri's apportionment counts (Counts 2 and 4) are derivative of that methodology challenge and add no independent basis for § 2284(a) jurisdiction. Compl. at 83–84, 86–87, ECF No. 1.

7

undocumented noncitizens in the 1980 Census did not require a three-judge panel because it did not involve any state action apportioning congressional districts. 486 F. Supp. 564, 577–78 (D.D.C. 1980). Likewise, in *Philadelphia v. Klutznick*, the court explained that the plain language of § 2284(a) "implies that, in order to necessitate the convening of a three-judge court, the challenge must be to an existing apportionment." 503 F. Supp. 657, 658 (E.D. Pa. 1980). The court added that the possibility the 1980 Census could "result some reapportionment effect adverse to the [plaintiff] is not enough to trigger the requirement of [§] 2284." *Id*.

That same reasoning applies here. Plaintiffs challenge the Residence Criteria for the 2020 Census (*see, e.g.*, Compl. ¶¶ 174, 176, 185–186, 195–197, 200, ECF No. 1), which only determines where people are counted during the census. As the court in *Massachusetts* explained, such procedures are only "precursors to the ultimate apportionment decision," not apportionment itself. 785 F. Supp. at 236.

*Alabama* is most illustrative. 493 F. Supp. 3d at 1126. There, in 2020, the State of Alabama brought a nearly identical challenge to the *same* residence criteria Plaintiffs now target. *Compare id*. at 1126 (describing plaintiffs' challenge to Final 2020 Census Residence Criteria and Residence Situations, 83 Fed. Reg. 5525-01 (Feb. 8, 2018)), *with* Compl. ¶¶ 174, 176, 185–186, 195–197, 200, ECF No. 1 (challenging same provision). Like here, the *Alabama* plaintiffs sought a three-judge panel. *Id*. But the *Alabama* court carefully considered § 2284(a) and denied their request, holding that "challenge to the Residence Rule is not a challenge to the actual division of congressional districts but rather a challenge to a practice that might affect a future division of districts." *Id*. at 1128. The court further explained that accepting a broader reading of § 2284(a)— one that swept in any challenge to governmental conduct that "may affect" apportionment—would

mean "there is hardly any challenge to a governmental practice potentially affecting a future apportionment that would not be required to be decided by a three-judge panel." *Id*. at 1130.

So too here. Missouri's Complaint at best challenges a "precursor[]" ingredient to the census, not the actual apportionment. *Massachusetts*, 785 F. Supp. at 236. But § 2284(a) reaches only actions challenging the constitutionality of "the apportionment" of actual districts. Because Plaintiffs do not bring that kind of challenge, the statute does not apply.

## B. Plaintiffs' authority for an automatic referral is outdated and inapposite.

In their most recent filing on the three-judge issue, Plaintiffs rely primarily on *Jackson v. Choate*, 404 F.2d 910 (5th Cir. 1968). ECF No. 56 at 3. In their view, *Jackson* holds that once a litigant asks the Court for a three-judge panel, the Court's discretion is at an end: It must "immediately" set in motion a referral, then leave it to a panel to determine whether it has been properly convened. *Id*. But as the Court already recognized (*see* May 5 Order at 3), *Jackson* arose under former 28 U.S.C. §§ 2281 and 2282, statutes that previously required three-judge panels to decide challenges to the constitutionality of statutes, which Congress repealed as part of its effort to *narrow* the use of mandatory three-judge courts.[2] It has no bearing on the current scope of § 2284, which governs congressional-apportionment cases like this one.

Indeed, *Jackson* was not a decision about the substantive scope of § 2284 at all. Former Chief Judge Brown repeatedly framed the issue in practical and administrative terms, emphasizing concerns about "exploding dockets," duplicative appellate proceedings, and the inefficiencies

---

[2] Congress amended the statute in 1976 specifically to reduce the number of cases requiring three-judge panels because those proceedings had become a substantial burden on the federal judiciary. *See* S. Rep. No. 94-204, at 3–4 (citing the need "to relieve the burden of three judge court cases" among the "major reasons" for passing the new law); *see also Thomas v. Reeves*, 961 F.3d 800, 807–09 (5th Cir. 2020) (en banc) (Costa, J., concurring) (concluding "Congress was thus narrowing the reach of the three-judge statute when it added the current language").

9

associated with mandamus review specific to the pre-1976 changes in law. *See* 404 F.2d at 911–13. He therefore advocated what he viewed as the "better course" from a case-management perspective, not a rule compelling referral to a three-judge panel whenever any uncertainty exists. *Id*. at 913. The actual holding in *Jackson* was simply that the mandamus had become moot by the time the Chief Judge constituted a panel. *Id*. at 911. Plaintiffs thus rely on dicta grounded in administrative convenience, not statutory interpretation.

Nor did *Jackson* involve the kind of threshold statutory dispute at issue here. It involved challenges to the constitutionality of Florida statutes. *Id*. at 914. There was accordingly no question those claims generally belonged within the *then*-existing three-judge framework governing cases of that type. *See Shapiro*, 577 U.S. at 40–41 ("Rare today, three-judge district courts were more common . . . before 1976, when they were required for various adjudications . . . ."). By contrast, here, the antecedent question is whether Plaintiffs' census-administration claims fall within § 2284 *at all*. That distinction matters, because 28 U.S.C. § 2284 applies only to actions "challenging the constitutionality of the apportionment of congressional districts," not to every case involving downstream representational effects. And as this Court already observed, various courts have since rejected *Jackson*'s expansive "request-unless-nodoubt-at-all standard" approach towards determining the need for a three-judge court. *See* May 5 Order at 3 & n.2 (citing cases).

Plaintiffs then overread *Shapiro*. As this Court recognized, *Shapiro* does not require automatic referral to a three-judge court whenever a party invokes § 2284. *See* May 5 Order at 4. To the contrary, the Supreme Court expressly explained that a district court must determine whether the request is made in a case actually "covered by § 2284(a)." *Shapiro*, 577 U.S. at 44. The Supreme Court emphasized that § 2284(b)(1) permits a district judge to examine the complaint rather than "unthinkingly initiate the procedures to convene a three-judge court." *Id*. Plaintiffs

focus almost exclusively on *Shapiro*'s statement that district judges are "required to refer" *qualifying* apportionment cases (ECF No. 56 at 2 n.1), while ignoring the antecedent inquiry the Supreme Court repeatedly identified: whether the action qualifies under § 2284(a) in the first place. *See* 577 U.S. at 44–45.

Plaintiffs' omission thus ignores that *Shapiro* arose in a materially different posture. There, "nobody dispute[d]" that the plaintiffs had brought "an action challenging the constitutionality of the apportionment of congressional districts." *Shapiro*, 577 U.S. at 43 (quoting 28 U.S.C. § 2284(a)) (cleaned up). The only issue was whether the district judge could dismiss the claims on Federal Rule of Civil Procedure 12(b)(6) grounds. *Id*. at 45. Here, by contrast, the central question is whether Plaintiffs' claims themselves constitute the kind of direct apportionment challenge that § 2284(a) covers. Plaintiffs therefore conflate two different inquiries: merits screening of concededly covered apportionment claims, which *Shapiro* foreclosed, and threshold applicability review of § 2284(a), which *Shapiro* makes clear is part of the statutory framework. *Id*. at 42–43.

Plaintiffs also unpersuasively rely on recent three-judge litigation in *University of South Florida College Republicans v. Lutnick*, No. 8:25-cv-2486-WFJ-SDM-RSR (M.D. Fla. 2025). As this Court has already noted, the court's referral order in *Lutnick* offered "no reasoning, discussion, standard, or citation to authority" interpreting § 2284(a) beyond citing the statute itself. May 5 Order at 5. The orders there have little precedential value regarding the statutory question presented here. Moreover, *Lutnick* involved a key statutory feature absent from this case: plaintiffs there invoked 18 U.S.C. § 195, which independently contemplates three-judge review in certain census-related litigation. *See* Pub. L. No. 105-119, § 209(b), 111 Stat. 2440, 2481 (1997) (13 U.S.C. § 141(e)(1) note) (providing any action under that section "shall be heard and

11

determined by a district court of three judges in accordance with [§] 2284"); *see also* May 5 Order

at 5. Plaintiffs identify no comparable statutory mandate here, and none applies.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' request for appointment of a three-judge panel should

be denied.

Dated: May 13, 2026                                       Respectfully submitted,

*/s/ Gillian R. Wilcox*                      */s/ Sophia Lin Lakin*          .
Gillian R. Wilcox #61278(MO)                 Sophia Lin Lakin[‡] #5182076(NY)
Jason A. Orr #56607(MO)                       Davin Rosborough[‡] #4926895(NY)
ACLU OF MISSOURI FOUNDATION                   Jonathan Topaz[‡] #5671151(NY)
406 West 34th Street, Ste. 420                Ethan Herenstein[‡] #5743034(NY)
Kansas City, MO 64111                         William Hughes[‡] #5867346(NY)
Phone: (816) 470-9938                         Theresa J. Lee[‡] #5022769(NY)
Fax: (314) 652-3112                           Ming Cheung[‡] #5647763(NY)
gwilcox@aclu-mo.org                           AMERICAN CIVIL LIBERTIES UNION
jorr@aclu-mo.org                              FOUNDATION
                                              125 Broad St., 18th Floor
Kristin M. Mulvey #705688(MA)/#76060(MO)      New York, NY 10004
Jonathan D. Schmid #74360(MO)                 Phone: (212) 549-2500
ACLU OF MISSOURI FOUNDATION                   Fax: (332) 234-9285
906 Olive Street, Suite 1130                  slakin@aclu.org
St. Louis, MO 63101                           drosborough@aclu.org
Phone: (314) 652-3114                         jtopaz@aclu.org
kmulvey@aclu-mo.org                           eherenstein@aclu.org
jschmid@aclu-mo.org                           whughes@aclu.org
                                              tlee@aclu.org
John A. Freedman* #453075(DC)                 mcheung@aclu.org
Elisabeth S. Theodore* #1021029(DC)
ARNOLD & PORTER KAYE                          Adriel I. Cepeda Derieux[‡] #90026636(DC)
SCHOLER LLP                                   AMERICAN CIVIL LIBERTIES UNION
601 Massachusetts Ave., N.W.                  FOUNDATION
Washington, D.C. 20001                        915 15th St. NW
Phone: (202) 942-5000                         Washington, DC 20001
Fax: (202) 942-5999                           Phone: (740) 632-0671
john.freedman@arnoldporter.com                acepedaderieux@aclu.org
elisabeth.theodore@arnoldporter.com

Niyati Shah* #1659560(DC)
ASIAN AMERICANS ADVANCING
JUSTICE – AAJC
1620 L Street, NW, Suite 1050
Washington, D.C. 20036
Phone: (202) 296-2300
Fax: (202) 296-2318
nshah@advancingjustice-aajc.org

Grayce Zelphin‡ #279112(CA)
ACLU FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Phone: (415) 621-2493
Fax: (415) 255-1478
gzelphin@aclunc.org

Perry Grossman* #5382106(NY)
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: 212.607.3347
Fax: (212) 607-3318
pgrossman@nyclu.org

Ashley Harris* #24123238(TX)
Thomas Buser-Clancy‡ #24078344(TX)
ACLU FOUNDATION OF
TEXAS, INC.
1018 Preston St.
Houston, TX 77002
Phone: (713) 942-8146
Fax: (713) 942-8966
aharris@aclutx.org
tbuser-clancy@aclutx.org

Julia A. Gomez† #316270(CA)
Peter J. Eliasberg* #189110(CA)
ACLU FOUNDATION OF SOUTHERN
CALIFORNIA
PO Box 811370
Los Angeles, CA 90081
Phone: (213) 977-9500
Fax: (213) 915-0219
jgomez@aclusocal.org
peliasberg@aclusocal.org

*application for admission pro hac vice
forthcoming
† application for admission pro hac vice
pending
‡ admitted pro hac vice

*Counsel for Proposed Intervenor-Defendants
OCA-Asian Pacific American Advocates, Make
the Road New York, New York Immigration
Coalition, and FIEL Houston*

13