**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |
|---|---|
| State of Missouri, David Mason, Andrea McCann, Jessica Fisher, and Phillip Fisher,<br><br>*Plaintiffs*,<br><br>v.<br><br>United States Department of Commerce, Howard W. Lutnick in his official capacity as Secretary of Commerce, United States Census Bureau, George Cook in his official capacity as Acting Director of the U.S. Census Bureau,<br><br>*Defendants*. | Case No. 4:26-cv-00131 (JAR) |

**PROPOSED LCLAA DEFENDANT-INTERVENORS' RESPONSE IN
OPPOSITION TO PLAINTIFFS' REQUEST FOR A THREE-JUDGE PANEL**

Movants Labor Council for Latin American Advancement ("LCLAA"), Juan Vazquez, Joey Cardenas, and Alejandra Ramirez-Zarate (collectively "Proposed LCLAA Defendant-Intervenors") object to Plaintiffs' request for a three-judge panel under 28 U.S.C. § 2284. Proposed LCLAA Defendant-Intervenors are not yet parties in this case, but urge the Court to first address (i) the jurisdictional issues in both the main case and the proposed cross-claims and (ii) their pending motion to intervene, both of which can be resolved by a single judge, before determining whether this case should be referred to a three-judge panel under the statute.

A single judge may decide whether there is jurisdiction over the case and may specifically decide whether Plaintiffs have standing. Indeed, "[a] three-judge district court is not required if the party seeking relief lacks standing." *Bone Shirt v. Hazeltine*, 444 F. Supp. 2d 992, 997 (D.S.D. 2005), *aff'd*, 461 F.3d 1011 (8th Cir. 2006).

1

In *Shapiro v. McManus*, the Supreme Court stated that "a three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Shapiro v. McManus*, 577 U.S. 39, 44-45 (2015) (quoting *Gonzalez v. Automatic Employees Credit Union*, 419 U.S. 90, 100 (1974)). The Supreme Court held that a single judge presiding over a challenge to Maryland's redistricting plan improperly dismissed plaintiffs' case for failure to state a claim, when the case should have been referred to a three-judge panel under 28 U.S.C. § 2284(a). *See id.* As the Supreme Court noted, where a case is not frivolous, dismissal for failure to state a cause of action "calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Id.* at 456. Where there remain jurisdictional issues, however, a single judge may properly make determinations over a case. *See id.*; *see also Bone Shirt*, 444 F. Supp. 2d at 997 ("Because the State lacks standing, the court can, and hereby does, deny the State's motion without convening a three-judge district court.").

Section 2284(b)(3) further provides that a single judge may "enter all orders permitted by the rules of civil procedure except as provided in this subsection." 28 U.S.C. § 2284(b)(3). Accordingly, this Court has authority to rule on pending motions to intervene regardless of whether a three-judge panel is ultimately required. *See Berry v. Ashcroft*, No. 4:22-CV-00465-JAR, 2022 WL 1540287, at *2 (E.D. Mo. May 16, 2022) (Ross, J.).

Federal courts have acknowledged the distinction between decisions on the merits and on jurisdictional issues with respect to the appropriateness of three-judge panels. There are likely to be several jurisdictional questions in this case, including questions of standing, ripeness, and remediability. Proposed LCLAA Defendant-Intervenors request that the Court resolve these questions, as well as intervention, prior to considering the merits, and defer ruling on Plaintiffs' request for a three-judge panel under 28 U.S.C. § 2284.

2

Dated: May 13, 2026

Respectfully Submitted,

*/s/ Javier A. Silva*

MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND

Susana A. Sandoval Vargas*
Javier A. Silva*
100 N. LaSalle St., Suite 1900
Chicago, IL 60602
Phone: (312) 427-0701
Email: ssandovalvargas@maldef.org
Email: jsilva@maldef.org

*Attorneys for Proposed LCLAA Defendant-Intervenors*

*admitted *pro hac vice*