**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

STATE OF MISSOURI, *et al.*,

     *Plaintiffs*,

     v.

UNITED STATES DEPARTMENT OF
COMMERCE, *et al.*,

     *Defendants*.

Case No. 4:26-cv-131-JAR

**DEFENDANTS' OPPOSITION TO PROPOSED INTERVENOR-DEFENDANTS'
MOTIONS TO INTERVENE[1]**

The Proposed Intervenors are not entitled to intervene in a nonjusticiable case, nor should the Court grant permissive intervention. Proposed Intervenors acknowledge, the Court lacks jurisdiction over Plaintiffs' claims, leaving no justiciable controversy in which they can intervene. Even if the Court considers the motions, Proposed Intervenors have not demonstrated that Defendants will not adequately represent their interests in this matter as required to intervene under Federal Rule of Civil Procedure 24(a)(2), and the Court should exercise its discretion to deny permissive intervention under Rule 24(b)(1)(B) because the presence of an additional seventeen parties could cause undue prejudice by unduly increasing the complexity of this case, especially

---

[1] Defendants respectfully seek leave to file this opposition out of time or *nunc pro tunc*, to the extent required, in light of the Court's indication that the deadline to oppose had passed under E.D. Mo. L. R. 4.01(B). ECF No. 71 at 2 n.2. Defendants had understood that the Court would provide Defendants with an opportunity to respond to Proposed Intervenors' Motions through the Court's imposition of a briefing schedule. *See* Order, ECF No. 18 at 3 ("The Court will impose a briefing schedule with respect to Defendants' responses by separate order once Defendants appear."). In light of Defendants' misunderstanding, Defendants respectfully request that the Court accept Defendants' opposition at this time.

where some Proposed Intervenors bring crossclaims against Defendants. *See* ECF No. 51-1 at 43–52.

This suit involves a challenge to certain residence criteria the U.S. Census Bureau ("the Bureau") used in conducting the 2020 Census, and the same residence criteria that Plaintiffs assume the Bureau will use in the 2030 Census (although the Bureau has not yet made a decision about 2030). *See generally* Compl., ECF No. 1. Plaintiffs, the State of Missouri and four Missouri residents, *id.* ¶ 21–29, sued Defendants, the U.S. Department of Commerce, the U.S. Census Bureau, and Secretary of Commerce Howard Lutnick, and Acting Director of the U.S. Census Bureau George Cook in their official capacities, claiming that the Bureau violated (and will violate) Section 2 of the Fourteenth Amendment, Article I, Section 2 of the U.S. Constitution, and the Administrative Procedure Act by adopting a policy of including temporary visa holders and other noncitizens with a usual residence in the United States in the resident population count for the decennial Census (the "Residence Rule"). *See id.* at 83–94.

Three sets of Proposed Intervenor-Defendants (collectively "Proposed Intervenors") filed separate motions to intervene, *see* ECF Nos. 11, 21, 51, and supporting memoranda, *see* ECF Nos. 12, 22, 52. The first motion is brought by the OCA-Asian Pacific American Advocates, Make the Road New York, New York Immigration Coalition, and FIEL Houston (collectively "OCA Intervenors"). *See* ECF No. 11. The second motion is brought by the National Association for the Advancement of Colored People ("NAACP"); the NAACP Missouri State Conference; Services, Immigrant Rights, and Education Network; Massachusetts Immigrant and Refugee Advocacy Coalition; and five individuals (collectively "NAACP Intervenors"). *See* ECF No. 21. The third motion is brought by the Labor Council for Latin American Advancement and three individuals (collectively "LCLAA Intervenors"). *See* ECF No. 51. Proposed Intervenors seek to intervene to

defend against Plaintiffs' claims alongside Defendants as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or permissively under Rule 24(b). *See* ECF Nos. 11 at 1, 21 at 1, & 51 at 1–2. Proposed LCLAA Intervenors also propose crossclaims against Defendants related to the 2030 Census. *See* ECF No. 51-1 ¶¶ 36, 41–48.

Two Proposed Intervenors note this Court lacks jurisdiction over Plaintiffs' claims, and thus, Proposed Intervenors are not entitled to intervene in a nonjusticiable case. Even if they were, Defendants are presumed to adequately represent Proposed Intervenors' interests in this suit and Proposed Intervenors cannot meet their burden to rebut that presumption. Indeed, Defendants have an interest in "ensuring an accurate Census count and fair apportionment and allocation of federal funds," *see* ECF No. 22 at 16; *see also* ECF Nos. 12 at 10–11 & 52 at 13–14. While Defendants would not oppose Proposed Intervenors' participation in this case as amici curiae, intervention by seventeen additional parties could have adverse effects on this litigation while producing no benefits beyond what could be gained by permitting them to participate as amici. Doubly so for the LCLAA Intervenors, whose crossclaims against Defendants would complicate the resolution of this matter. The Court should deny Proposed Intervenors' motions to intervene.

**ARGUMENT**

"[A] federal case is a limited affair, and not everyone with an opinion is invited to attend." *Mausolf v. Babbitt*, 85 F.3d 1295, 1301 (8th Cir. 1996). Federal Rule of Civil Procedure 24 provides two avenues, as relevant here, upon which a party may seek intervention. A party is only entitled to intervention as a matter of right under Rule 24(a)(2) if "(1) its motion is timely, (2) it has an interest in the subject matter of the litigation, (3) disposition of the case may impair that interest, and (4) existing parties do not adequately protect that interest." *Entergy Ark., LLC v. Thomas*, 76 F.4th 1069, 1071 (8th Cir. 2023); *see also* Fed. R. Civ. P. 24(a)(2). By contrast, a court

has broad discretion in granting permissive intervention under Rule 24(b). *See S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003).

Proposed Intervenors lack standing, and they fail to establish that Defendants will not adequately represent their interests in this matter. Additionally, permissive intervention is likely to prejudice the existing parties. The Court should deny Proposed Intervenors' motions.

## I.    Proposed Intervenors lack Article III standing.

In the Eighth Circuit, a party seeking intervention as a matter of right must also establish Article III standing. *See Mausolf*, 85 F.3d at 1300. "To demonstrate standing, a plaintiff must clearly allege facts showing an injury in fact, which is an injury to a legally protected interest that is 'concrete, particularized, and either actual or imminent.'" *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833–34 (8th Cir. 2009) (quoting *Curry v. Regents of the Univ. of Minn.*, 167 F.3d 420, 422 (8th Cir. 1999)). "An interest is cognizable under Rule 24(a)(2) only where it is 'direct, substantial, and legally protectable.'" *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) (quoting *United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir.1995)). An injury must also be "particularized; the injury must affect 'the plaintiff in a personal and individual way' and not be a generalized grievance." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, n.1 (1992)).

Proposed Intervenors fail to show they will suffer particularized injury if Plaintiffs succeed in this suit. Proposed Intervenors identify no injury that is distinct to their members as opposed to the broader population affected by the challenged residence rule at large, including other temporary visa holders or noncitizens. Although Proposed Intervenors emphasize the impact on particular demographic groups, *see, e.g.*, ECF No. 52 at 14 (discussing Latino voters), the rule Plaintiffs challenge does not operate based on race, ethnicity, or organizational membership. Rather, it applies based on usual residence, and any asserted dilution of representation or loss of

4

federal funding would be experienced, if at all, by all jurisdictions and populations, not uniquely to these Proposed Intervenors. This type of undifferentiated, widely shared harm is not sufficient for Article III standing. *Lance v. Coffman*, 549 U.S. 437, 441 (2007) ("[S]tanding to sue may not be predicated upon an interest of the kind alleged here which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." (citation omitted)).

**II.    Proposed Intervenors are not entitled to intervene as a matter of right under Rule 24(a)(2) because they have not demonstrated that Defendants will not adequately represent their interests in this matter.**

Even if all Proposed Intervenors satisfy the first three requirements to intervene as a matter of right, none has met its burden to show that Defendants will not represent their interests in this matter. "Where a proposed intervenor's asserted interest is one that a governmental entity who is a party to the case is charged with protecting, [the court] presume[s] that the government's representation is adequate." *Entergy Ark.*, 76 F.4th at 1071 (citing *Chiglo v. City of Preston*, 104 F.3d 185, 187-88 (8th Cir. 1997)). A proposed intervenor may avoid this presumption only if it "stands to gain or lose from the litigation in a way different from the public at large," *Chiglo*, 104 F.3d at 188, or if it asserts "narrower and more parochial interests." *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 1001 (8th Cir. 1993). When a proposed intervenor cannot avoid this presumption through the requisite showing, the presumption applies and "the proposed intervenor can rebut it only with a 'strong showing' of inadequacy, such as by demonstrating that the governmental entity 'has committed misfeasance or nonfeasance in protecting the public.'" *Entergy Ark.*, 76 F.4th at 1072 (quoting *N.D. ex rel. Stenehjem v. United States*, 787 F.3d 918, 922 (8th Cir. 2015)); *see also Chiglo*, 104 F.3d at 187 ("The intervenor bears the burden of showing that his interests are not adequately represented by existing parties.").

5

The presumption that Defendants' representation adequately protects Proposed Intervenors' interests applies here because Proposed Intervenors only "stand[] to gain or lose" from this litigation in the same way as the public at large, *see Chiglo*, 104 F.3d at 188, and their interests are not "narrower" or "more parochial" than Defendants' interests, *see Mille Lacs Band*, 989 F.2d at 1001.

In this case, Proposed Intervenors share the same interests as Defendants: "ensuring an accurate Census count and fair apportionment and allocation of federal funds," *see, e.g.*, ECF No. 22 at 16, and "ensuring that their members are counted such that they receive commensurate political representation and funding," *see, .e.g.*, ECF No. 12 at 10–11. Defendants are charged with implementing a decennial census, *see* 13 U.S.C. § 141(a), that meets the constitutional requirement for an "actual [e]numeration," U.S. Const. art. I, § 2, cl. 3. Because of the nature of the Census, the broad public interests that Defendants represent necessarily include an interest in ensuring the accuracy of the Census by ensuring that all people are appropriately counted and receive commensurate political representation and funding, which necessarily includes Proposed Intervenors. Consequently, Defendants are presumed to be adequate representatives of Proposed Intervenors' interests in this litigation. *Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409–10 (8th Cir. 1995) ("[T]here is a presumption of adequate representation when the prospective intervenor's interest is identical to that of an existing party."); s*ee also United States v. City of Miami*, 278 F.3d 1174, 1179 (11th Cir. 2002) ("Because the objectives the [putative intervenor] seeks to achieve in this case are goals shared by the United States, the [putative intervenor]'s members are adequately represented.").

Proposed Intervenors cannot rebut the presumption of adequate representation because they cannot demonstrate that Defendants have "committed misfeasance or nonfeasance in

6

protecting the public." *Entergy Ark.*, 76 F.4th at 1072 (citation omitted). In an attempt to meet their burden of showing inadequacy, Proposed Intervenors point to actions by President Trump in his first term and speculation about potential future agency action. *See* ECF No. 22 at 17–18; ECF No. 12 at 14; ECF No. 25 at 17. But the prospect of potential future agency action does not demonstrate that the federal government will not zealously defend this case. The Court need not credit these bald assertions and instead should find that Proposed Intervenors have failed to show that Defendants do not adequately represent their interests.

Proposed NAACP Intervenors also point to Defendants' representation in a different case to speculate that Defendants will not defend this case at all. ECF No. 22 at 18 n.7 (citing *Univ. of S. Fla. Coll. Republicans v. Sec'y of Com.*, No. 8:25-cv-2486, 2026 WL 321256 (M.D. Fla. Feb. 3, 2026)). But Proposed NAACP Intervenors misconstrue the posture of that case and the relevant standard appliable here. Counsel for defendants in that case (the same counsel here) stipulated with counsel for plaintiffs to proceed directly to summary judgment to expedite proceedings, and defendants filed a response seeking dismissal of that action. *Univ. of S. Fla. Coll. Republicans*, No. 8:25-cv-2486, 2026 WL 321256, ECF No. 71; *see also* Department of Commerce, Justice & State, the Judiciary, & Related Agencies Appropriations Act, 1998, Pub. L. No. 105-119, § 209(e)(2) (requiring courts "to advance on the docket and to expedite to the greatest possible extent the disposition" of matters brought under Section 209, such as plaintiffs' claims in *Univ. of S. Fla. Coll. Republicans*). Mere disagreement with Defendants' litigation strategy in defending another matter is not sufficient to rebut the presumption of adequate representation. *Chiglo*, 104 F.3d at 188 (noting that absent a "clear dereliction of duty, however, the proposed intervenor[s] cannot rebut the presumption of representation by merely disagreeing with the litigation strategy or objectives of the party representing him"). *Contra* ECF No. 52 at 18 ("The potential for a

7

difference in litigation strategy supports Proposed Defendant-Intervenors' motion for intervention.").

Proposed Intervenors have not met their burden of overcoming the presumption of adequate representation. Accordingly, they do not have a right to intervene under Rule 24(a)(2).

### III. The Court should exercise its discretion to deny permissive intervention under Rule 24(b)(1)(B).

"The decision to grant or deny a motion for permissive intervention is wholly discretionary." *S.D. ex rel. Barnett*, 317 F.3d at 787. "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *Id.*

Intervention by the Proposed Intervenors appears likely to adversely affect this litigation. The presence of an additional seventeen parties could unduly prejudice the adjudication of both Plaintiffs' and Defendants' rights by adding complexity to the schedule and unnecessary briefing. Proposed LCLAA Intervenors highlight the type of complications and burdens intervenors can add, such as raising novel issues, *see* ECF No. 51-1 at 43, and bringing cross claims challenging a not-yet-issued 2030 Residence Rule, *id.* at 43–52, while simultaneously maintaining that Plaintiffs' 2030 challenges to the "not-yet-issued" 2030 Residence Criteria and "any planning for and implementation of any subsequent Census" are not ripe, *id.* at 42. As an alternative to intervention, the Court may consider, and Defendants would not oppose, Proposed Intervenors participating in this case as amici curiae. That approach would give Proposed Intervenors a voice in this litigation without additional burdens on the Court and Parties that attend full intervention. *See e.g.*, *LaSalle Grp., Inc. v. Veterans Enter. Tech. Servs., LLC*, No. 11-03517-cv-S-DGK, 2012 WL 1113320, at *5 (W.D. Mo. Apr. 2, 2012) ("[A] third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention."

(citation omitted)).

Should the Court ultimately grant intervention, Defendants request that the Court confirm in its order that Proposed Intervenors may not assert any new claims, counterclaims, or crossclaims in this matter, conduct their own discovery without agreement from all parties or the Court's approval, or otherwise substantially disrupt any of the Court's briefing schedules. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 382 n.1 (1987) (permitting "highly restrictive conditions" on permissive intervenors).

## IV.     The Court should delay addition of LCLAA's crossclaims until after a determination, if any, that there is a justiciable case at all.

Federal Rule of Civil Procedure 24 speaks only to a prospective intervenor's procedural rights and opportunities; it does not independently confer jurisdiction. *See* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."). "Intervention under Rule 24 presumes that there is a justiciable case into which an individual wants to intervene." *Mausolf*, 85 F.3d at 1299 (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1212–13 (11th Cir. 1989)); *see also, e.g.*, *Disability Advocates, Inc. v. N.Y. Coalition for Quality Assisted Living, Inc.*, 675 F.3d 149, 160–61 (2d Cir. 2012) (stating "this rule is so deeply entrenched in our jurisprudence that it is an axiomatic principle of federal jurisdiction in every circuit to have addressed the question"); *Fuller v. Volk*, 351 F.2d 323, 328 (3d Cir. 1965) ("[I]ntervention contemplates an existing suit in a court of competent jurisdiction . . . ."); *Black v. Cent. Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974) ("By its very nature intervention presupposes pendency of an action in a court of competent jurisdiction."); *Hofheimer v. McIntee*, 179 F.2d 789, 792 (7th Cir. 1950) ("An existing suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit." (quoting *Kendrick v. Kendrick*, 16 F.2d 744, 745 (5th Cir. 1926) (same)); *Brictson Mfg. Co. v. Woodrough*,

9

284 F. 484, 487 (8th Cir. 1922) (explaining same).

Under this rule, if the Court concludes—as two Proposed Intervenors argue in their proposed motions to dismiss—that Plaintiffs lack Article III standing and their claims are nonjusticiable, then it should deny LCLAA's motion to intervene and add crossclaims. *See* OCA Intervenors' Memorandum in Support of Motion to Dismiss, ECF 11-2 at 8–13, 17–20; NAACP Intervenors' Memorandum in Support of [Proposed] Motion to Dismiss, ECF 40-2 at 8–15. In those circumstances, there would be no "justiciable case" into which LCLAA can intervene to add those claims. *Mausolf*, 85 F.3d at 1299 (citation omitted).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Proposed Intervenors' Motions to Intervene.

Dated: May 29, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER K. HAAS
Director

STEPHEN M. ELLIOTT
Assistant Branch Director

/s/ *Kathryn Alkire*
KATHRYN L. ALKIRE
1050146(FL)
KEVIN K. BELL
967210(GA)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 451-7743
E-mail: Kathryn.L.Alkire@usdoj.gov
*Counsel for Defendants*

10