**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| STATE OF MISSOURI, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>COMMERCE, *et al.*,<br><br>    *Defendants*. | Case No. 4:26-cv-131-JAR |

## DEFENDANTS' OPPOSED MOTION FOR A STAY

Defendants respectfully request that the Court stay this case, including Defendants' July 6, 2026, deadline to respond to Plaintiffs' Complaint, ECF No. 1, and Proposed Intervenors' deadline to file replies in support of their Motions to Intervene, *see* ECF No. 73. The Department of Commerce has completed drafting a proposed rule that encompasses various policy positions for the 2030 Census, including Defendants' proposed Residence Rule, and submitted the proposed rule to the Office of Management and Budget in accordance with the prescribed pre-publication interagency review process. *See* Off. of Info. and Regul. Aff., Off. of Mgmt. and Budget, *Pending EO 12866 Regulatory Review* ("Proposed Rule Submission"), https://www.reginfo.gov/public/do/eoDetails?rrid=1442165 (last visited Jun. 26, 2026). Based on these significant steps towards issuing a rule, a stay is appropriate.

Defendants have conferred with Plaintiffs and Proposed Intervenors. Plaintiffs oppose this motion and "maintain that only a 3-judge court has jurisdiction to consider this motion." Proposed NAACP Intervenors "do not have a position on the stay motion at this time."  Proposed OCA Intervenors "take no position on the motion." Proposed LCLAA Intervenors oppose this motion.

**BACKGROUND**

This suit involves a challenge to certain residence criteria the U.S. Census Bureau ("the Bureau") used in conducting the 2020 Census, and the same residence criteria that Plaintiffs assume the Bureau will use in the 2030 Census. *See generally* Compl. Plaintiffs, the State of Missouri and four Missouri residents, *id.* ¶¶ 21–29, sued Defendants, the U.S. Department of Commerce ("DOC"), the U.S. Census Bureau, and Secretary of Commerce Howard Lutnick, and Acting Director of the U.S. Census Bureau George Cook in their official capacities, claiming that the Bureau violated (and will violate) Section 2 of the Fourteenth Amendment, Article II, Section 1 of the U.S. Constitution, and the Administrative Procedure Act by adopting a policy of including temporary visa holders and other noncitizens with a usual residence in the United States in the resident population count for the decennial Census (the "Residence Rule"). *See id.* ¶¶ 172–231.

Three sets of Proposed Intervenor-Defendants (collectively "Proposed Intervenors") filed separate motions to intervene, *see* ECF Nos. 11, 21, 51, and supporting memoranda, *see* ECF Nos. 12, 22, 52. The first motion is brought by the OCA-Asian Pacific American Advocates, Make the Road New York, New York Immigration Coalition, and FIEL Houston (collectively "OCA Intervenors"). *See* ECF No. 11. The second motion is brought by the National Association for the Advancement of Colored People ("NAACP"); the NAACP Missouri State Conference; Services, Immigrant Rights, and Education Network; Massachusetts Immigrant and Refugee Advocacy Coalition; and five individuals (collectively "NAACP Intervenors"). *See* ECF No. 21. The third motion is brought by the Labor Council for Latin American Advancement and three individuals (collectively "LCLAA Intervenors"). *See* ECF No. 51. Proposed Intervenors seek to intervene to defend against Plaintiffs' claims alongside Defendants as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or permissively under Rule 24(b). *See* ECF Nos. 11 at 1, 21 at 1, & 51 at

2

1–2. Proposed LCLAA Intervenors also propose crossclaims against Defendants related to the 2030 Census. *See* ECF No. 51-1 ¶¶ 36, 41–48.

On May 28, 2026, the Court granted Defendants' Third Motion for an Extension of Time to respond to the Complaint, ECF No. 70, and extended the deadline through and including July 6, 2026. *See* ECF No. 71. The Court's order indicated that the deadline to oppose Proposed Intervenors' Motions to Intervene had passed under E.D. Mo. L. R. 4.01(B). *See id.* at n.2. Defendants subsequently filed an Opposition to Proposed Intervenors Motions to Intervene, requesting leave to file the opposition out of time. *See* ECF No. 72 at n.1. The Court granted Defendants' request for leave to file their opposition, accepted Defendants' Opposition as timely filed, and set a deadline for Proposed Intervenors' to "file any replies in support of their motions to intervene within seven (7) days after Defendants respond to the complaint." *See* ECF No. 73.

**Rulemaking Process**

Executive Order 12,866, issued in 1993, establishes the framework governing executive-branch review of significant regulatory agency actions. *See* 58 Fed. Reg. 190 (Oct. 4, 1993) ("EO 12,866") (available at https://www.reginfo.gov/public/jsp/Utilities/EO_12866.pdf).[1] During that review process, the Office of Management and Budget ("OMB") coordinates interagency input and evaluates the proposed rule for, among other things, consistency with applicable law and the President's priorities. *See, e.g.*, EO 12,866 at Sec. 2. Upon completion of the review process, the agency may proceed to publication of the proposed rule in the Federal Register. *See, e.g.*, EO 12,866 at Sec. 8.

---

[1] In 2009, EO 13,497 revoked intervening amendments to EO 12,866 and reinstated EO 12,866's framework. In 2011, Executive Order 13,563 reaffirmed and supplemented EO 12,866. Together, Executive Orders 12,866, 13,497, and 13,563 constitute the current framework governing OMB review of significant regulatory actions. *See* https://www.reginfo.gov/public/jsp/Utilities/EO_Redirect.myjsp

**ARGUMENT**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Defendants respectfully move to stay this action pending completion of Defendants' ongoing rulemaking. DOC has completed drafting a proposed rule that encompasses various policy positions for the 2030 Census, including Defendants' proposed Residence Rule. *See* Proposed Rule Submission. On June 25, 2026, DOC submitted the proposed rule to OMB in accordance with the prescribed review process. *See* Proposed Rule Submission; *see also* EO 12,866. Issuance of the proposed rule is expected to bear directly on the issues presented in this case. For example, a key premise of the Complaint is the allegation that the Census Bureau "will continue to include 'unauthorized immigrants' in the 'resident population counts' for the decennial Census and congressional apportionment." Compl. ¶ 4; *see also id.* ¶¶ 56-57 (alleging that the "executive branch's policy during … the 2030 Census is … the source of Missouri's … future injuries"); *id.* ¶¶ 68-75 (claiming that "Plaintiffs have standing to challenge their impending future injuries in the 2030 Census and the 2031 Apportionment" based on Plaintiffs' expectation regarding the rules that will govern those actions); *id.* ¶¶ 163-65, 170.

In light of these developments, Defendants respectfully request that the Court stay this case, including staying all deadlines. For months, Defendants have worked diligently on preparations for the proposed rule submission, and this ongoing work motivated their request for extension of the deadline to respond to the Complaint. *See* ECF No. 70. In its May 28, 2026, Order granting Defendants' Third Motion for Extension, the Court "caution[ed] Defendants that further extensions will not be granted without good cause." ECF No. 71 at 1. There is good cause to stay

this matter because Defendants have reached a significant stage of the rulemaking process for a 2030 Residence Rule through its submission of a proposed rule to OMB, which may ultimately obviate or significantly narrow many of the issues at the heart of this litigation. *See* Proposed Rule Submission; *see also* Compl. ¶¶ 202–31 (Counts Seven through Twelve are as to 2030 Census).

Proceeding in this matter while rulemaking is ongoing risks unnecessary expenditure of party and judicial resources, potential mootness or unnecessary briefing on issues that are later overcome by subsequent events, and piecemeal litigation. A stay will conserve party and judicial resources and permit the Court to consider the agency's definitive position on the issued raised here rather than an evolving climate impacted by forthcoming regulatory action.

Indeed, another court facing similar claims challenging methods Defendants employed in the 2020 Census, and the methods those plaintiffs assume Defendants will use in the 2030 Census, has stayed its proceedings pending completion of the same anticipated rulemaking. *See* Order, ECF No. 70 (Mar. 10, 2026), filed in *Louisiana v. Dep't of Commerce*, 6:25-cv-76-DCJ-DJA (W.D. La.) (denying motion to lift stay). Allowing this case to proceed while a closely related action involving similar issues has been stayed would risk potentially inconsistent adjudication of overlapping legal and factual issues.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and issue a stay of this case, including staying all deadlines. Defendants propose to update the Court with status reports every 60 days. A proposed order, to this effect, accompanies this Motion.

To provide Plaintiffs, and potentially Proposed Intervenors, with an opportunity to respond to this Motion, Defendants respectfully request that the Court extend Defendants' July 6, 2026, deadline to respond to the Complaint until 14 days after the Court's disposition of this Motion,

unless the Court grants this Motion, in which event the deadline for Defendants' response to the

Complaint would be stayed. A proposed order, to this effect, also accompanies this Motion.

Dated: June 26, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER K. HAAS
Director

STEPHEN M. ELLIOTT
Assistant Branch Director

/s/ *Kevin K. Bell*
KEVIN K. BELL
967210(GA)
KATHRYN L. ALKIRE
1050146(FL)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 305-8613
E-mail: Kevin.K.Bell@usdoj.gov

*Counsel for Defendants*