**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| State of Missouri, David Mason, Andrea McCann, Jessica Fisher, and Phillip Fisher,<br><br>Plaintiffs,<br><br>v.<br><br>United States Department of Commerce, Howard W. Lutnick in his official capacity as Secretary of Commerce, United States Census Bureau, George Cook in his official capacity as Acting Director of the U.S. Census Bureau,<br><br>Defendants. | Case No. 4:26-cv-00131 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY**

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ 3

**INTRODUCTION** ............................................................................................................ 6

**ARGUMENT** .................................................................................................................. 7

I.   This Court lacks jurisdiction to grant a stay absent a three-judge panel. .......................... 7

   A.  Section 2284 requires this Court to appoint a three-judge panel before ruling on the stay. ................................................................................................................. 7

   B.  It would be inappropriate for this Court to be able to defeat Congress's instruction by refusing to appoint a three-judge panel. ........................................................................ 9

   C.  It would be prudent for this Court to appoint a three-judge panel before ruling on the stay. ................................................................................................................. 10

II.   A stay is not warranted. ................................................................................................... 11

   A.  Plaintiffs would be harmed by a stay. ....................................................................... 12

   B.  Defendants' claim to unnecessary expenditure of resources is merely a burden of litigation and not a hardship that supports a stay. ....................................................... 13

   C.  Judicial economy does not warrant a stay because it is entirely speculative how Defendants' proposed rule could affect Plaintiffs' claims. ......................................... 14

**CONCLUSION** ................................................................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

*Belize Soc. Dev. Ltd. v. Gov't of Belize,*
668 F.3d 724 (D.C. Cir. 2012) ...................................................................................... 11, 14

*Clinton v. Jones,*
520 U.S. 681 (1997)...................................................................................................... 11, 12

*Common Cause v. Trump,*
506 F. Supp. 3d 39 (D.D.C. 2020) ....................................................................................... 10

*Ctr. for Biological Diversity v. Ross,*
419 F. Supp. 3d 16 (D.D.C. 2019) ................................................................................. 13, 14

*Dellinger v. Mitchell,*
442 F.2d 782 (D.C. Cir. 1971) ............................................................................................. 14

*Dep't of Com. v. New York,*
588 U.S. 752 (2019)................................................................................................................ 12

*Goosby v. Osser,*
409 U.S. 512 (1973)................................................................................................................ 10

*Greenlaw v. United States,*
554 U.S. 237 (2008)................................................................................................................ 13

*Idelwild Bon Voyage Liquor Corp. v. Epstein,*
370 U.S. 713 (1962)........................................................................................................ 8, 9, 10

*Igartúa v. Obama,*
842 F.3d 149 (1st Cir. 2016) ................................................................................................. 10

*In re Murray Energy Corp.,*
788 F.3d 330 (D.C. Cir. 2015) .............................................................................................. 12

*Kalson v. Patterson,*
542 F.3d 281 (2d Cir. 2008) .................................................................................................... 8

*Landis v. N. Am. Co.,*
299 U.S. 248 (1936)......................................................................................................... 12, 13

*LaRouche v. Fowler,*
152 F.3d 974 (D.C. Cir. 1998) ................................................................................................ 9

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,*
523 U.S. 26 (1998)................................................................................................................... 7

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) ................................................................ 6, 13

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
   460 U.S. 1 (1983) ........................................................................................ 9

*Nielsen v. Preap*,
   586 U.S. 392 (2019) .................................................................................... 7

*Nixon v. Richey*,
   513 F.2d 430 (D.C. Cir. 1975) .................................................................... 9

*Page v. Bartels*,
   248 F.3d 175 (3d Cir. 2001) ................................................................. 10, 11

*Shapiro v. McManus*,
   577 U.S. 39 (2015) ......................................................................... 6, 7, 8, 9

*Sullivan v. Crowell*,
   444 F. Supp. 606 (W.D. Tenn. 1978) ........................................................ 11

*Svejkovsky v. Tamm*,
   326 F.2d 657 (D.C. Cir. 1963) .................................................................... 9

*Sweet v. Sheahan*,
   235 F.3d 80 (2d Cir. 2000) ........................................................................ 12

*Swift & Co. v. Wickham*,
   382 U.S. 111 (1965) ................................................................................. 6, 9

*United States v. Philip Morris USA Inc.*,
   841 F. Supp. 2d 139 (D.D.C. 2012) .......................................................... 14

*United States v. Samuels*,
   808 F.2d 1298 (8th Cir. 1987) ................................................................... 13

*United States v. Springer*,
   354 F.3d 772 (8th Cir. 2004) ..................................................................... 12

*Yong v. INS*,
   208 F.3d 1116 (9th Cir. 2000) ................................................................... 14

**Statutes**

28 U.S.C. § 2284 ................................................................................... passim

28 U.S.C. § 2284(a) .......................................................................... 6, 7, 8, 10

28 U.S.C. § 2284(b)(1) .................................................................................. 8

4

Section 2284(b) ............................................................................................................... 7, 8

Section 2284(b)(3) ........................................................................................................... 9, 11

**Other Authorities**

17A Charles Alan Wright et al., Federal Practice and Procedure § 4235 (3d ed. 2026) ......... 10, 11

Bryan A. Garner, *Garner's Modern English Usage* (5th ed. 2022) ................................................ 8

### INTRODUCTION

After the Court informed Defendants that it would not grant any further extensions, *see* Doc. 71 at 1, Defendants now seek a stay citing an ambiguous forthcoming rule.  But in essence, Defendants request the same relief.  *See* Doc. 74 at 5.  The Court should deny Defendants' end-run around of this Court's previous order for two reasons.

*First*, this Court lacks jurisdiction to rule on Defendants' motion without appointing a three-judge panel.  28 U.S.C. § 2284.  The statute's text is clear:  A three-judge panel "shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts . . . ."  28 U.S.C. § 2284(a).  As the Supreme Court has explained, this Court can do "no more" than examine "the allegations in the compliant" to make this "determin[ation]." *Shapiro v. McManus*, 577 U.S. 39, 43, 44 (2015).  Moreover, refusing to appoint a three-judge panel would effectively defeat Congress's determination that "the collective judgment of three judges" decide apportionment challenges.  *Swift & Co. v. Wickham*, 382 U.S. 111, 127 (1965).  Even if this Court has doubts on this point, it would still be prudent to appoint a three-judge panel.  If three judges are not required, then the panel can then reconsider its appointment.

*Second*, even if this Court determines it can rule on Defendants' motion, this Court should nonetheless deny the stay.  Plaintiffs would be harmed by a stay as any proposed rule would not have any legal effect altering the status quo.  Additionally, the proposed rule would only be prospective, which would still leave Plaintiffs' retrospective claims unresolved.  Moreover, Defendants' claimed hardship of unnecessary expenditure of resources in defending this litigation simply does not constitute a hardship justifying a stay.  *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).  Nor does judicial economy favor a stay as it remains entirely speculative whether Defendants proposed rule would resolve Plaintiffs' prospective claims, to say

6

nothing about whether the rule will become finalized.  In essence, Defendants seek a stay of indefinite duration which this Court lacks discretion to give.

## ARGUMENT

**I.    This Court lacks jurisdiction to grant a stay absent a three-judge panel.**

**A. Section 2284 requires this Court to appoint a three-judge panel before ruling on the stay.**

As Plaintiffs have previously articulated, this Court lacks jurisdiction to enter a stay absent the appointment of a three-judge panel under 28 U.S.C. § 2284.[1]  Section 2284 is clear.  "A district court of three judges shall be convened . . . *when* an action *is filed* challenging the constitutionality of the apportionment of congressional districts . . . ."  28 U.S.C. § 2284(a) (emphasis added).  This provision consists of two critical parts: a verb ("shall be convened") and an adverbial clause ("when . . . filed").  It cannot be "den[ied]" that "the adverbial clause '[when . . . filed]' modifies the verb '[shall be convened].'"  *Nielsen v. Preap*, 586 U.S. 392, 406 (2019).  This adverbial clause "clarifies when the duty to [convene the three-judge panel] is triggered":  upon filing the action. *Id.* at 416.  "It follows that [this Court] [i]s *required* to refer [this] case to a three-judge court, for § 2284(a) admits of no exception, and 'the mandatory "shall" . . . normally creates an obligation impervious to judicial discretion.'"  *Shapiro*, 577 U.S. at 43 (quoting *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)).

And if the language of Section 2284(a) were not clear enough, Section 2284(b) is *not* "a grant of discretion to [this Court] to ignore § 2284(a)."  *Id.*  Section 2284(b) is merely "an administrative detail that is entirely compatible with § 2284(a)"—it is not "an exception." *Id.*  The filing of a request for three judges, which Plaintiffs did, Doc. 3, "triggers [this Court's] duty" to

---

[1] For preservation and clarity of the record, Plaintiffs expressly incorporate all their prior arguments supporting a three-judge panel into this brief.  *See* Doc. 3; Doc. 44; Doc. 56; Doc. 69.

immediately notify the chief judge of the circuit of the need for a three-judge panel, *Shapiro*, 577 U.S. at 43; *accord* 28 U.S.C. § 2284(b)(1).  Section 2284(b)(1)'s "unless he determines that three judges are not required" "merely clarifies that a district judge need not unthinkingly initiate the procedures to convene a three-judge court without first examining *the allegations in the complaint*"—"no more, no less."  *Shapiro*, 577 U.S. at 44 (emphasis added).  "[P]roviding Defendants . . . an opportunity to respond" to Plaintiffs' request for a three-judge panel is not part of this "determinat[ion]" and is error.  *See* Doc. 18 at 2.

Section 2284(b) establishes the "procedure" for the appointment of the three-judge panel. It begins, "*[u]pon* the filing of a request for three judges, the judge to whom the request is presented shall . . . *immediately* notify the chief judge of the circuit."  28 U.S.C. § 2284(b)(1) (emphasis added).  "Immediately" is used to convey "as soon as" or "promptly when."  Bryan A. Garner, *Garner's Modern English Usage* 573 (5th ed. 2022).  This adverb is not a "mere throwaway[]" but has "cogent legal significance."  *See Shapiro*, 577 U.S. at 46.  And when combined with "upon," its significance is sharpened.  "Upon" is defined as "immediately or very soon after."  The Random House Dictionary of the English Language 1570 (1966); *see also* Bryan A. Garner, *Garner's Modern English Usage* 1131 (5th ed. 2022) ("upon" means "on the occasion of" or "when (something) occurs").  Any stay without notifying the chief judge would disregard the clear meaning of Section 2284(b)(1).

Until this Court notifies the Chief Judge of the Eighth Circuit, this Court lacks jurisdiction to enter any orders in this case.  *See Kalson v. Patterson*, 542 F.3d 281, 287 (2d Cir. 2008) ("[T]he three-judge requirement in 28 U.S.C. § 2284 is jurisdictional."); *cf. Idelwild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 715 (1962) (per curiam) (noting that prior version of Section 2284 was "jurisdictional").  Indeed, when the allegations of the complaint come within Section 2284(a),

*see Shapiro*, 577 U.S. at 44, it is "impermissible for a single judge" to "withhold[] relief" through staying a case, *Idelwild Bon Voyage*, 370 U.S. at 715. "If such a stay is deemed proper here, under § 2284 it should, in any event, be granted by the court of three judges, and not by the single judge who is required to initiate the three-judge proceedings." *Svejkovsky v. Tamm*, 326 F.2d 657, 658 (D.C. Cir. 1963) (per curiam). Simply put, "[t]hree-judge business is for three judges, not just one." *Nixon v. Richey*, 513 F.2d 430, 445 (D.C. Cir. 1975) (rejecting "the notion that a single judge can unilaterally narrow the ambit of a three-judge tribunal").

Any reliance on Section 2284(b)(3)'s allowance for a single judge to "conduct all proceedings except the trial, and enter all orders permitted by the rules of civil procedure" is misplaced. Like similar provisions in the pre-1976 statute, this section "applie[s] only to the powers available to an individual judge who [i]s a member of a three-judge court, not to the powers of a single judge *before* such a court ha[s] been convened." *LaRouche v. Fowler*, 152 F.3d 974, 982 (D.C. Cir. 1998) (emphasis added).

**B. It would be inappropriate for this Court to be able to defeat Congress's instruction by refusing to appoint a three-judge panel.**

If this Court grants Defendants' motion, it would "effectively"—and unilaterally—put this case on ice by granting Defendants' stay. *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 10 (1983). Doing so would defeat Congress's intent for adjudications by three-judge panels.

Congress originally enacted the three-judge procedure to allow to "safeguard important state interests" by "[r]equiring the collective judgment of three judges and accelerating appeals to [the Supreme] Court." *Swift & Co.*, 382 U.S. at 127. Refusing to appoint a three-judge panel would undermine both of these procedural protections. Needless to say, there can be no collective judgment without a three-judge panel. And refusing to appoint a three-judge panel will mire any

9

appeal.  Without a three-judge panel, the court of appeals would be "precluded from reviewing" the case "on the merits" and instead could only review if the case "should have originally been determined by a court of three judges." *Idlewild Bon Voyage*, 370 U.S. at 715–16.  If a three-judge panel is required (as here), then the appropriate order would be to vacate any order and to convene "a three-judge court to hear and determine the merits of [plaintiffs'] constitutional claims." *Goosby v. Osser*, 409 U.S. 512, 522 (1973).  Only then could an appeal be taken on the merits of the claim.

**C.  It would be prudent for this Court to appoint a three-judge panel before ruling on the stay.**

Even if this Court disagrees, it would nonetheless be prudent to empanel the three-judge panel before ruling on the stay.  17A Charles Alan Wright et al., Federal Practice and Procedure § 4235 (3d ed. 2026) (even where Section 2284 jurisdiction has not been authoritatively resolved by the Supreme Court, "undoubtedly the cautious course for a district court in a reapportionment case" is to convene a three-judge court).

Plaintiffs' apportionment claims trigger the three-judge panel requirement under § 2284. *See* Doc. 1, ¶¶ 177–181, 187–191, 207–211, 217–221; *Common Cause v. Trump*, 506 F. Supp. 3d 39, 44 n.1 (D.D.C. 2020) (holding that § 2284(a) required a three-judge panel because "the plaintiffs contend that implementation of the presidential memorandum [excluding illegal aliens from the apportionment base] will violate the Apportionment Clauses of the Constitution.").  And because "one or more of the plaintiff's claims warrants a three-judge court," this Court "must take the steps necessary to convene a three-judge panel." *Igartúa v. Obama*, 842 F.3d 149, 152 (1st Cir. 2016).  Claims triggering Section 2284 are "inextricably intertwined with constitutional challenges to [legislative] apportionment" such that "those claims should be considered a *single* 'action' within the meaning of § 2284(a)." *Page v. Bartels*, 248 F.3d 175, 190 (3d Cir. 2001) (emphasis

10

added).  This Court "may not resolve" the Census Rule issues "in isolation while reserving [the apportionment claims] to a three-judge district court."  *Id.*  So this Court should convene the three-judge court.  *See id.*; *see also Sullivan v. Crowell*, 444 F. Supp. 606, 615 (W.D. Tenn. 1978) ("[B]ecause of the interrelationship between the claims, a serious danger of unfairness to the litigants would result should this court choose either to abstain from exercising jurisdiction, or to remand these issues to a single district judge.  The same [three-judge] court should decide all the issues in this case.  It would therefore be an abuse of our discretion to decline to exercise pendent jurisdiction in these circumstances.").

But even if Plaintiffs' claims did not trigger a three-judge panel (they do), the convened three-judge panel can reconsider whether Plaintiffs' claims must be heard by a three-judge court. 28 U.S.C. § 2284(b)(3) ("Any action of a single judge may be reviewed by the full court at any time before final judgment."); *see also* 17A Charles Alan Wright et al., Federal Practice and Procedure § 4235 (3d ed. 2026) ("It has always been clear that the single judge must decide in the first instance whether a case is one in which three judges are required although that question can be reconsidered by the three-judge court after it is convened and it can dissolve itself and return the case to the single judge if it does not think a three-judge court is required by statute."). Therefore, there is no risk—but only upside—for notifying the chief judge of the Eight Circuit of the need to appoint a three-judge panel under Section 2284.

## II.    A stay is not warranted.

Even if this court were to determine it has jurisdiction, a stay is unwarranted.  Although this Court "has broad discretion to stay proceedings as an incident to its power to control its own docket," its discretion is not unlimited.  *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997).  This Court must "'weigh competing interests and maintain even balance' between the court's interest in judicial economy and any possible hardship to the parties."  *Belize Soc. Dev. Ltd. v. Gov't of Belize*,

11

668 F.3d 724, 732–33 (D.C. Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).  "[I]f there is even a fair possibility that the stay for which [a party] prays will work damage to some one else," the "supplant for a stay must make out a clear case of hardship or inequity in being required to go forward."  *Landis*, 299 U.S. at 255; *see also Clinton*, 520 U.S. at 708 ("The proponent of a stay bears the burden of establishing its need.").  Tellingly, Defendants never address how their requested stay may work harm to Plaintiffs.  Nor do they present a clear hardship or inequity.

## A.  Plaintiffs would be harmed by a stay.

Plaintiffs would be harmed by a stay.  Defendants claim that their future "*proposed* rule is expected to bear directly on the issues presented in this case."  Doc. 74 at 4 (emphasis added).  "But a proposed rule is just a proposal."  *In re Murray Energy Corp.*, 788 F.3d 330, 333–34 (D.C. Cir. 2015) (Kavanaugh, J.).  "[I]t is well-settled 'that proposed regulations have no legal effect.'"  *United States v. Springer*, 354 F.3d 772, 776 (8th Cir. 2004) (cleaned up) (quoting *Sweet v. Sheahan*, 235 F.3d 80, 87 (2d Cir. 2000)).  Thus, Defendants' proposed rule—even if bearing directly on the issues in this case, *but see infra*—cannot remedy any of the issues in the status quo.  Instead, Defendants' ask for this Court to stand aside and slam the courthouse doors shut on Plaintiffs' claims merely because of a vague forthcoming proposal that cannot remedy Plaintiffs' ongoing and future injuries.

Even if the Department of Commerce proposes a rule, it has "no duty to promulgate its proposal as a final rule."  *Springer*, 354 F.3d at 776.  And even if Defendants do finalize their proposed rule, it is undoubtedly going to be met with legal challenges.  *See, e.g.*, *Dep't of Com. v. New York*, 588 U.S. 752, 758 (2019).  Thus, it is not clear that any proposed rule here may ever come to bear on the issues in this case.

Second, even if Defendants' proposed 2030 Rule somehow remedied Plaintiffs' prospective claims, *but see infra*, this potential future rule cannot resolve any claims as to the 2020 Census and apportionment, *see* Doc. 1, ¶¶ 172–201 (six counts related to 2020 Census and 2021 Apportionment).  Plaintiffs may ultimately "concur[]" with the 2030 Rule, but this "does not vitiate their right to challenge a past" Apportionment and Census.  *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 21 (D.D.C. 2019).  Therefore, a stay here would inflict harm on Plaintiffs regardless of whether the to-be proposed 2030 Rule will come to have legal effect and resolve Plaintiffs' prospective claims.

**B. Defendants' claim to unnecessary expenditure of resources is merely a burden of litigation and not a hardship that supports a stay.**

Defendants' only claim to a hardship is that proceeding while rulemaking is ongoing "risks unnecessary expenditure of party."  Doc. 74 at 5.  But "being required to defend a suit"—even while rulemaking is ongoing—"without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."  *Lockyer*, 398 F.3d at 1112 (quoting *Landis*, 299 U.S. at 255).  This is "particularly true of counsel for the United States, the richest, most powerful, and best represented litigant to appear before us."  *Greenlaw v. United States*, 554 U.S. 237, 244 (2008) (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987) (R. Arnold, J., concurring in denial of reh'g en banc)).

In any event, Defendants fail to "explain how defense of this suit, which falls largely to lawyers at the Department of Justice," will conserve Defendants' resources when the Department of Commerce is responsible for the rulemaking.  *Ctr. for Biological Diversity*, 419 F. Supp. 3d at 22; *see also* Doc. 74 at 1 ("The Department of Commerce has completed drafting a proposed rule . . . .").  In short, Defendants supply no cognizable hardship or inequity that "overrides the

13

injury to [Plaintiffs]" should this case "be[] stayed." *Belize Soc. Dev.*, 668 F.3d at 732 (quoting *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971)).

**C. Judicial economy does not warrant a stay because it is entirely speculative how Defendants' proposed rule could affect Plaintiffs' claims.**

Judicial economy no more warrants staying the present action. Defendants' request for a stay is premised on their forthcoming proposed rule which in their words is merely "expected" to bear on some of the issues in this case. Doc. 74 at 4. But until the proposed rule is published, it is entirely speculative to predict whether or how it would resolve Plaintiffs' prospective claims. *See* Doc. 1, ¶¶ 202–231 (prospective claims). Defendants' proposed rule may fall short of providing the relief sought by Plaintiffs. Indeed, to justify a stay based on a forthcoming rule, other courts have required the rule "to *fully* remedy *each* of Plaintiffs' claims." *Ctr. for Biological Diversity*, 419 F. Supp. 3d at 23 (emphasis added). Defendants rightly aver no such thing: "of course, [Defendants] cannot now commit to the conclusion it will reach" in the rulemaking process. *Id.* Therefore judicial economy does not support a stay in this case.

Even then, Defendants make no claims about the timeline for publishing the proposed rule; they merely imply it is imminent. Much less when (to say nothing of *if*) the rule will be finalized. This process will, unquestionably, take at least one or more years which would make any stay here "especially long" or "indefinite." *See Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000); *accord United States v. Philip Morris USA Inc.*, 841 F. Supp. 2d 139, 141 (D.D.C. 2012). Meanwhile Plaintiffs' claims would remain unresolved. So because of the potential "indefinite duration," entering a stay here would "exceed[]" this Court's "discretion . . . under *Landis*." *Belize Soc. Dev.*, 668 F.3d at 733.

## CONCLUSION

The Court should deny Defendants' request for a stay.

14

Dated: July 13, 2026

Respectfully submitted,

**CATHERINE L. HANAWAY**
MISSOURI ATTORNEY GENERAL

/s/ *Louis J. Capozzi III*

Louis J. Capozzi III, #77756(MO)
  *Solicitor General*
Kathleen Hunker, #24118415(TX)
  *Principal Deputy Solicitor General*
William J. Seidleck, #77794(MO)
  *Principal Deputy Solicitor General*
J. Michael Patton, #76490(MO)
  *Deputy Solicitor General*
Graham D. Miller, #77656(MO)
  *Deputy Solicitor General*

OFFICE OF THE ATTORNEY GENERAL
207 West High Street
Jefferson City, MO 65102
Phone: (573) 645-9662
Louis.Capozzi@ago.mo.gov
Kathleen.Hunker@ago.mo.gov
William.Seidleck@ago.mo.gov
Michael.Patton@ago.mo.gov
Graham.Miller@ago.mo.gov

*Counsel for Plaintiffs*

15

**CERTIFICATE OF SERVICE**

I certify that on July 13, 2026, the above was filed electronically through the Court's

electronic filing system to be serve electronically on counsel for the parties.

/s/ *Louis J. Capozzi III*