**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00131-JAR |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF COMMERCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Defendants' motion to stay the case (ECF No. 74).

This action was brought by Plaintiffs to challenge the Census Bureau's policy of including

undocumented immigrants in the enumeration of persons in each state for the nation's decennial

census.  Plaintiffs challenge the methodology applied during the 2020 Census and seek to

prevent similar policies from being carried out in the 2030 Census.  Defendants explain that the

Department of Commerce is currently crafting certain rules that will govern how the 2030

Census is conducted and recently submitted a rule for pre-publication review that has the

potential to relate to, and even resolve, issues in this case with respect to Plaintiffs' claims

regarding the 2030 Census.  According to Defendants, requiring them to litigate Plaintiffs'

claims while rulemaking for the 2030 Census is ongoing will cause them to incur unnecessary

costs, undermine judicial economy, and result in piecemeal litigation.  Plaintiffs and certain of

the proposed intervenors oppose the motion to stay.  For the reasons below, the Court denies

Defendants' requested stay.

1

**DISCUSSION**

As an initial matter, the Court notes that Plaintiffs spend a majority of their opposition to the motion to stay arguing that a three-judge panel must be appointed.  The Court continues to consider whether this case falls under 28 U.S.C. § 2284 and will make that determination in due course and in accordance with applicable law.  The Court will not unduly delay this decision and notes that matters of routine docket management, such as the imposition of a stay, may be undertaken by a single judge even in cases that truly require appointment of a three-judge panel. *See* 28 U.S.C. § 2284(b)(3).

The Court has broad discretion to stay proceedings to manage "the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The proponent of a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else." *Id*. at 255.  In evaluating a motion to stay, courts "weigh competing interests and maintain an even balance." *Id*.  Relevant considerations include whether a stay would aid in the Court's control of its docket, conserve judicial resources, or otherwise provide for a just determination of the case. *Webb v. R. Rowland & Co., Inc.*, 800 F.2d 803, 808 (8th Cir. 1986).

Defendants explain that the Department of Commerce has begun a rulemaking process that will affect the residence criteria that will be used during the 2030 Census.  Defendants cite a rule the Department of Commerce recently submitted for pre-publication review on June 25, 2026, which purports to include "Proposed Residence Criteria and Proposed Regulations for Demographic Questions."  U.S. Off. of Info. and Regul. Aff., Off. of Mgmt. and Budget, *Pending EO 12866 Regulatory Review*, https://www.reginfo.gov/public/do/eoDetails?rrid=

2

1442165 [https://perma.cc/U46T-SH5A].  Without actually describing the contents of this proposed rule (which is not yet available for public review), Defendants claim that the rule "encompasses various policy positions for the 2030 Census," that are "expected to bear directly on the issues presented in this case."  (ECF No. 74 at pp. 1, 4).  Defendants acknowledge that this rule has passed through only the initial pre-publication phase, and additional steps remain in the rulemaking process before any of the policies therein become final.  Defendants do not provide any estimated timeline on which the proposed rule could be finalized.  Defendants do not, and cannot, definitively guarantee what the final rule will say with respect to the residence criteria for the 2030 Census, should one ultimately be adopted.

The possibility that Defendants' rulemaking may one day moot certain issues in this litigation is not enough to justify an indefinite stay of the proceedings while Defendants engage in a complex and likely time-consuming rulemaking process for an unspecified duration of time. *See North Dakota v. U.S. EPA*, No. 3:15-cv-59, 2018 U.S. Dist. LEXIS 252508, at *26 (D.N.D. Mar. 23, 2018) (denying request for continuation of stay to undertake relevant administrative rulemaking, noting that "[t]his case may in fact become moot at some point in the future, but whether that will occur, and when that might occur, cannot be known," and finalization of a new rule that could supposedly moot certain issues "cannot be considered a foregone conclusion"). At the heart of Defendants' motion to stay is their assertion that Plaintiffs' claims regarding the methodology of the 2030 Census should not proceed before rules governing that methodology have been definitively established.  The Court tends to agree but finds that this argument may speak more to the merits and justiciability of Plaintiffs' claims regarding the 2030 Census rather than to the necessity of proceeding in this action.

The Court also agrees with Plaintiffs that they face potential harm if this action is stayed

3

indefinitely pending the conclusion of a rulemaking process with no set timeline.  *See* ECF No. 74 at p. 5 (emphasis added).  Defendants do not adequately address Plaintiffs' argument that the rulemaking they are undertaking applies only to the 2030 Census.  Part of Plaintiffs' claims challenge the methodology and associated effects of the 2020 Census.  Defendants have not presented adequate justification to stay the entire action based on their assumption that the pre-publication rule they cite may narrow only some of the issues at stake in this action.

Defendants also note that there is a case involving similar issues in the Western District of Louisiana, which is currently stayed.  *See Louisiana et al. v. Dep't of Commerce et al.*, 6:25-cv-76-DCJ-DJA (W.D. La. Jan. 17, 2025).  The Court is not persuaded that the stay in the Louisiana action is relevant here.  Unlike this action, the Louisiana case was filed in January 2025, right as the new presidential administration took office.  In March 2026, the Louisiana court declined to lift the stay, finding some remaining utility in continuing the stay based on the defendants' representation that they still had not identified their policy positions but would be undertaking relevant rulemaking imminently.  *Id*. at ECF No. 70.  This order continuing the stay was entered months before Defendants' recent submission of proposed residence criteria, and no party has since requested that the court reevaluate the necessity of that stay.  The circumstances here are sufficiently distinguishable, and Defendants have cited no relevant authority requiring one court to wait in anticipation of action in another in the all-too-common scenario in which national policy is challenged by myriad stakeholders in multiple jurisdictions.

Finally, the Court is unpersuaded by Defendants' assertion that they will be forced to expend unnecessary resources in this litigation if their proposed rulemaking resolves certain issues.  Without knowing the content of the proposed rule Defendants cite, or whether it will one day become a final rule, the Court finds it equally possible that Defendants will have expended

4

significantly more unnecessary resources pursuing a rulemaking process ultimately governed by the outcome of this case. "Whether in litigation or in the administrative process, there is no question defendants will be expending significant resources in addressing the [relevant agency rule] over a potentially lengthy time period." *North Dakota v. U.S. EPA*, 2018 U.S. Dist. LEXIS 252508, at *26.

## <u>CONCLUSION</u>

Defendants have not provided adequate justification to entirely stay these proceedings for an indefinite duration of time while proposed rulemaking proceeds. However, the Court will grant Defendants a sixty-day extension of time to file their responsive pleading to allow them additional time to assess Plaintiffs' allegations in light of the recently submitted proposed rule.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to stay [ECF No. 74] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' deadline to respond to the complaint is extended through and including **September 21, 2026**.

Dated this 22nd Day of July, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5